**R. B. Hetherington, Appellee, v. Continental Insurance Company of New York, Appellant.**

Heard in this court at the May term, 1941. Opinion filed October 27, 1941.

CHARLES T. FLOTA, of Harrisburg, and KLEIN, HARROW & WILKINSON, of Chicago, for appellant; ARTHUR W. KLEIN and JOSEPH HARROW, both of Chicago, of counsel.

S. D. WISE and WHEATLEY & COMBE, all of Harrisburg, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

In a trial before the court, without a jury, the plaintiff obtained a judgment against the defendant for $843.80 and costs. Defendant appeals.

The complaint filed September 16, 1940, alleged and the undisputed facts show that plaintiff was the owner of a four-door sedan which he purchased new in April 1938, for the sum of $1,204, and which the defendant insured against all loss and damage by collision in excess of $50; that on December 23, 1939, while the policy of insurance was in force, the car was damaged in an accidental collision; that plaintiff and defendant attempted but were unable to agree upon the amount of loss and damage, and that the policy among other things provided that:

"In case the Assured and this Company shall fail to agree as to the amount of loss or damage, each shall, on the written demand of either, select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen (15) days to agree upon such umpire, then, on request of the Assured or this Company, such umpire shall be selected by a judge of a court of record in the County and State in which the appraisal is pending. The appraisers shall then ap-

praise the loss and damage stating separately sound value and loss or damage; and failing to agree, shall submit their differences only, to the umpire. An award in writing of any two, when filed with the Company, shall determine the amount of sound value and loss or damage."

The complaint further alleged and the undisputed facts show that on March 5, 1940, defendant made a written demand on plaintiff for an appraisal of the loss and damage in accordance with the above quoted provision of the policy; that pursuant to such demand the plaintiff selected Bert W. Rude as one of the appraisers and the defendant selected John Stockhowe as the other appraiser; that on April 24, 1940, plaintiff and defendant entered into a written agreement which recited that said appraisers should select an umpire, and should then estimate and appraise the loss, stating in writing (1) Sound Value and (2) Loss and Damage. Said agreement further stated that:

"The award of any two, in writing, shall determine the matters hereby submitted for appraisal.

The SOUND VALUE to be ascertained is the actual cash value of said property at the place of, and immediately prior to, the occurrence of said collision (with proper deduction for depreciation howsoever caused.)

The LOSS AND DAMAGE to be ascertained is the actual direct loss or damage by said collision.

Neither said sound value nor said loss or damage shall exceed what it would have cost the first party to repair or replace the said damaged or destroyed property, at the time of the occurrence of said collision with material of like kind and quality, less depreciation, . . . ."

The complaint further alleged and the undisputed facts show that the appraisers neglected for more than 15 days to appoint an umpire, whereupon the plaintiff made a written request to D. F. RUMSEY, Judge of the

circuit court of Saline county, requesting the appointment of an umpire, and said judge on June 8, 1940, pursuant to such request, appointed Oscar Turner as such umpire; that thereafter said appraisers and said umpire on June 14, 1940, were sworn and qualified as such; that thereafter and on June 14, 1940, Stockhowe and Rude, as such appraisers, made an award in writing in which they found that the sound value of said automobile at the time of said collision and upset was $904, and that the loss and damage sustained by the plaintiff was $829. This award was duly filed with defendant. Under date of April 24, 1940, plaintiff and defendant entered into an additional agreement by which the defendant agreed to guarantee payment to plaintiff of towing charges in the sum of $10, and to guarantee payment to plaintiff of storage charges at the rate of $6 per month, and pursuant to such last agreement the plaintiff expended the sum of $33.20 for storage of the salvage of said automobile from December 23, 1939, to June 10, 1940.

By the complaint, plaintiff claimed he was entitled to $779, the same being the amount of the loss and damage as fixed by the award after deducting $50 as the deductible portion of the loss, and the further sum of $43 representing the towing and storage charges which plaintiff alleged defendant had agreed to pay.

Defendant filed an answer and counterclaim. In both the answer and counterclaim the only material defense set forth is that the award of damages made by the appraisers was so grossly in excess of the plaintiff's actual damages as to amount to fraud; that at the time of the accident the actual sound value of the plaintiff's automobile was no more than six or seven hundred dollars, and that plaintiff's automobile could have been repaired and restored to its original condition before the accident for $217.38. In the counterclaim defendant further alleged that the submission agreement was deliberately or indirectly misappre-

hended by the appraisers and the facts disregarded by them with the result that the alleged award became void or voidable because of fraud. Defendant asked to have said award set aside by reason of such fraud.

On motion of plaintiff the trial court struck the foregoing alleged defenses from the defendant's answer and also struck the entire counterclaim. At the trial, defendant offered to prove that plaintiff's automobile could be repaired and restored to its condition prior to the accident for the sum of $217.38, which evidence the trial court refused to admit. These rulings of the trial court have been assigned as error by the defendant.

The judgment entered by the trial court was the aggregate of the sums claimed in the complaint. Under the errors assigned by defendant, only that portion of the judgment dealing with the award is in controversy upon this appeal.

The allegations made by defendant in its answer and counterclaim that plaintiff's automobile at the time it was damaged had a cash value of only six to seven hundred dollars and that the extent of the actual damage was only $217.38 instead of $829 as found by the appraisers, were admitted by plaintiff's motion to strike and must be considered as true for the purpose of testing the sufficiency of defendant's pleadings. We are thus confronted with the question whether this award of damages can be defended against or set aside on the ground of fraud because of its being so greatly in excess of the amount of the actual damages.

Plaintiff, relying upon such cases as *Gerrish v. Ayres*, 3 Scam. (4 Ill.) 245, 249, and *Smith v. Douglass*, 16 Ill. 34, insists that the appraisal in this case had all the force of an adjudication and precluded the parties from litigating the same subject matter.

We recognize the general rule that where an appraisal has been fairly conducted and is within the terms of the reference under which the controversy is

submitted, the findings made by the appraisers in the absence of fraud or mistake will be binding upon the parties. (*Podolsky v. Raskin,* 294 Ill. 443; *Igoe Bros. v. National Ben Franklin Ins. Co. of Pittsburgh, Pa.,* 110 N. J. Eq. 373, 160 Atl. 382.) It is equally true, however, that the courts will set aside an award whereever it clearly appears that there has been fraud, misconduct or palpable or gross error or mistake (*Commercial Union Assur. Co. v. Parker,* 119 Ill. App. 126; *Turner v. Hartford Fire Ins. Co.,* 185 Iowa 1363, 172 N. W. 166; *Citizens Ins. Co. v. Hamilton,* 48 Ill. App. 593).

Although the mere fact that an award is different in amount from what the court would have given, will not in itself necessitate setting it aside (*Ross & Co. v. German Alliance Ins. Co. of New York,* 86 Kan. 145, 119 Pac. 366) it is also true that if the amount is palpably excessive or inadequate an inference of fraud or mistake may be raised. (*Turner v. Hartford Fire Ins. Co., supra; Second Society of Universalists v. Royal Ins. Co.,* 221 Mass. 518, 109 N. E. 384; *Huested v. Patrons' Mut. Fire Ins. Co. of Michigan,* 223 Mich. 213, 193 N. W. 815.) In 29 Am. Jur. page 934, sec. 1251, it is said that a court will not "substitute its own judgment for that of the appraisers or set aside the award for inadequacy or excessiveness unless it is so palpable and manifest as to indicate corruption or partisan bias on the part of the appraisers." Lord Thurlow in *Guynne v. Heaton,* 1 Brown, C. C. 1, 9—cited in *Second Society of Universalists v. Royal Ins. Co., supra,* lays down the rule in the reverse situation (where the award is inadequate) that the inadequacy must be "so strong, gross, and manifest that it would be impossible to state it to a man of common sense without producing an exclamation at the inequality of it."

We believe that in the case before us the marked difference between the amount found by the appraisers as the loss and damage, *viz.* $829, and the amount ad-

mitted under the pleadings as the actual loss and damage, *viz.* $217.35, was so great as to at least produce such an exclamation at the unfairness of the award and to create an issue on the question of fraud and mistake. The trial court should have permitted defendant's allegations as to the actual sound value and the actual loss and damage coupled with the allegations of fraud to stand in both the answer and counterclaim and it was error to strike these allegations from the answer and to strike the entire counterclaim. Defendant should also have been permitted to introduce evidence on the questions of sound value and loss and damage, and we think it was error for trial court to refuse this evidence. When this evidence is before it, the trial court will then be in a position to determine whether the award is in fact vitiated by fraud or mistake by reason of the claimed difference between the plaintiff's damages as found by the award and the amount of the actual damage as shown by other testimony.

Defendant contends that the trial court erred in excluding the testimony of the witness, Stockhowe. Stockhowe was the appraiser selected by the defendant, and defendant attempted to prove by him that he did not, in fact, agree with the findings made in the award but signed it only because he was under ''the mistaken impression'' that what the umpire and the other appraiser agreed upon was controlling by reason of the fact that they were in the majority. We fail to see how Stockhowe's explanation of his reasons for signing the award was at all material. Under the explicit terms of the submission agreement it was provided that ''the award of any two in writing shall determine the matters hereby submitted for appraisal.'' Although the umpire did not sign the award—according to Stockhowe, the umpire and the plaintiff's appraiser, Rude, joined in the argument against him as to the findings to be made in the award and the award as filed did represent the views of the majority. As a matter of fact, Stockhowe was not mis-

taken in his impression that a majority of two controlled in the making of the award and the mere fact that he signed because of his impression that he had been overruled by the other appraiser and umpire did not furnish any ground for setting the award aside.

Defendant also offered to show that Stockhowe, who was a car dealer, had an opinion that the plaintiff's car was worth only $600 at the time of the accident and could be repaired for not exceeding $350. This opinion was in direct contradiction of the findings made in the written award and we do not think that under the circumstances of this case Stockhowe was competent to testify as to an opinion different from that expressed in the award. The rule for the exclusion of such testimony is laid down in *Schmidt v. Glade,* 126 Ill. 485, at page 492, as follows: ". . . where the arbitrators recite in their award that they disposed of a matter, entrusted to their consideration, in the manner required by the agreement for submission, it cannot be shown by parol evidence, that they disposed of such matter in another and different manner." (See also *Patriotic Order Sons of America Hall Ass'n v. Hartford Fire Ins. Co.,* 305 Pa. 107, 157 Atl. 259.) We hold there was no error in the trial court's refusal to admit this testimony.

The judgment of the trial court is reversed and the cause is remanded with directions to the trial court to overrule the motion of plaintiff to strike the allegations in the answer that the award was so grossly in excess of the actual damages as to amount to fraud, that the actual sound value of the car was no more than $600 or $700 and that the car could have been repaired and restored to its original condition for $217.38, and with directions to overrule the motion to strike the counterclaim and for further proceedings consistent with this opinion.

Defendant's abstract did not comply with the rules and plaintiff was compelled to file an additional abstract which contained the same number of pages as

the original abstract. In taxing costs, no costs will be assessed against plaintiff for the printing of defendant's abstract.

*Reversed and remanded with directions.*