**CITY OF FAIRBANKS, Appellant,**

v.

**Jimmy Dean RICE and Wilfred Barry Causey, Jr., Appellees.**

**No. 4951.**

Supreme Court of Alaska.

May 22, 1981.

---

Thomas A. Miller, Asst. City Atty., Brett M. Wood, Deputy City Atty., Charles M. Gibson, City Atty., Fairbanks, for appellant.

Robert Matt O'Meara, Aschenbrenner & Savell, Fairbanks, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

This case presents the issues of whether the superior court properly vacated the decision of an arbitration panel and whether it abused its discretion by awarding attorney's fees to the prevailing parties.

In September 1977, the City of Fairbanks selected Rice and Causey to attend a paramedic training program at the University of California, San Diego. The firefighters attended the training program from October 2, 1977, to December 9, 1977. Although Rice and Causey did not receive a per diem allowance during their stay in San Diego, Fire Chief Childress authorized the payment to each of them of $800.00 per month for living expenses. They each received this amount for the months of October and November.

On June 15, 1978, pursuant to a new working agreement between the Fire Fighters' Union, Local 1324 and the City of Fairbanks [Firefighters' Agreement], Rice and Causey filed grievances. Among other things, they sought the following relief:

> All per diem as provided for by the City Ordinance should be paid to Rice and Causey minus the amounts received while in San Diego. The per diem rate at that time was $80.00 per day.

Rice and Causey's grievances were denied by the Fire Chief and the Deputy City Manager.

On August 3, 1978, pursuant to sections 4.4 and 4.6 of the Firefighters' Agreement, an arbitration board was convened. The board consisted of Bill Culpepper, Deputy City Manager; William Hao, representing the firefighters; and Julius Kornfiend, the impartial third person. Section 4.6 of the Firefighters' Agreement provided that a "[d]ecision by this board shall be . . . final and binding upon both parties provided it is lawful to do so." By a vote of two to one, the arbitration board denied the per diem sought by Rice and Causey.

The board did not reveal its reasoning for rejecting Rice and Causey's claims for per diem. However, the affidavits of Culpepper and Kornfiend provide an indication of the basis for their decision. They believed that because the grievances arose in December 1977, when Rice and Causey were beneficiaries of an earlier agreement between the Fairbanks Joint Crafts Council and the City [FJCC Agreement], resolution of the grievances was dependent upon the terms of that agreement. The FJCC Agreement did not provide for per diem as does the Firefighters' Agreement; therefore, they reasoned that the agreement among Rice and Causey and Chief Childress, providing for only $800.00 per month, controlled. Their reasoning ignored the fact that the Firefighters' Agreement provided that its

benefits were to be retroactive to April 1, 1977.[1]

Rice and Causey sought judicial review of this decision in the superior court. The court vacated that portion of the arbitration board's decision which denied Rice and Causey's request for $80.00 per diem compensation and ordered payment of per diem at that rate. The court also awarded Rice and Causey $1000.00 in attorney's fees. The City has appealed the award of per diem and attorney's fees.

■■■ Although Alaska has a statute governing the scope of judicial review of arbitration decisions, the statute does not apply to this case since it exempts labor management contracts.[2] We articulated the non-statutory review standard in *Nizinski v. Golden Valley Electric Ass'n Inc.*, 509 P.2d 280, 283 (Alaska 1973) as follows:

> If the parties have submitted the dispute to binding arbitration, the merits of the controversy are not subject to judicial review. However, there are certain instances where courts will interfere with decisions made by an arbitrator. Some of the most common instances in which a court can grant relief are where there has been gross negligence, fraud, corruption, *gross error* or misbehavior on the part of the arbitrator. [Emphasis added, citations omitted].

The gross error standard mentioned in *Nizinski* means that only those mistakes which are both obvious and significant justify interference with an arbitrator's award.[3] We believe that this standard has been satisfied here.

Section 1.1 of the Firefighters' Agreement stated in relevant part:

This Agreement shall become effective as of April 1, 1977 and shall terminate June 30, 1979. Changes in benefits shall be paid retroactively to April 1, 1977 . . . .

Section 17.3 of the Agreement provided:

> All per diem will be paid at the current rate as defined by the Fairbanks General Code, Section 2.516.

Thus, the Firefighters' Agreement clearly applied the per diem allowance retroactively to April 1, 1977. Because Rice and Causey's paramedic training in San Diego transpired after the April 1, 1977 date, the arbitrators' denial of per diem was obviously wrong. Because application of the proper per diem rate does substantially change what they should be paid, the mistake was also significant. Thus, gross error has been demonstrated and judicial interference with the arbitration decision is necessary and proper.

■■■ While we conclude that the superior court properly vacated the arbitrator's denial of per diem, we are not convinced that it was correct in awarding $80.00 per day for the entire period. As noted above, Section 17.3 of the Firefighters' Agreement provided that:

> All per diem will be paid at the current rate as defined by the Fairbanks General Code, Section 2.516.

The question is which F.G.C. § 2.516 should be applied in this case. While F.G.C. § 2.516, effective May 9, 1977, allows $80.00 per day for each day the employee spends at a training session, F.G.C. § 2.516, effective February 27, 1978, only allows $80.00 per day for the first seven days; after that the per diem is reduced to $40.00.[4] Because the Firefighters' Agreement was executed

1. *See* p. 5 *infra.*

2. AS 09.43.010 *et seq.*

3. *See Cassara v. Wofford*, 55 So.2d 102, 105–06 (Fla.1951); *Hetherington v. Continental Ins. Co. of New York*, 311 Ill.App. 577, 37 N.E.2d 366, 368 (Ill.App.1941); *Johnson v. Korn*, 117 S.W.2d 514, 519 (Tex.Civ.App.1938); *accord*, 16 Williston on Contracts, § 1923 B, at 703 (3d ed. 1976).

4. F.G.C. § 2.516, effective May 9, 1977, read as follows:

Employees' time spent at official conferences, meetings or training sessions, shall be considered time worked on the usual daily time basis. Per diem allowance shall be reimbursed to the elected or appointed official and employee as outlined in the following schedule:

```
              Per diem rates

Department head      $80.00 Per 24-hour day
Employees            $80.00 Per 24-hour day
Elected or Appointed
Officials            $80.00 Per 24-hour day
```

on April 13, 1978, and F.G.C. § 2.516 at that time provided for per diem of $80.00 for the first seven days followed by per diem of $40.00 thereafter, it may be that this is "the current rate" referred to in Section 17.3 of the Firefighters' Agreement. On the other hand, as appellees argue in their brief, the current rate may refer to the Code rate in effect at the time each per diem claim arises. On this record both positions seem reasonably arguable, and neither seems obviously wrong. In our view, the appropriate remedy in this case is to remand the issue to the superior court with directions to remand it to the arbitration board for their interpretation.

Regarding the $1000.00 in attorney's fees awarded to Rice and Causey, we find no abuse of discretion.

AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this opinion.

Per diem may be pro-rated for a period of not less than one-quarter (¼) day for official travel which does not require hotel accommodations, but may include meals or transportation.

F.G.C. § 2.516, effective February 27, 1978, reads as follows:

Employees' time spent at official conferences, meetings or training sessions shall be considered time worked on the usual daily time basis. Per diem allowance shall be reimbursed to the elected or appointed official and employee as outlined in the following schedule:

Per diem rates

```
Employees, per calandar day. . . .$80.00
Fire chief, per calendar day . . .100.00
Chief of police, per calendar day.100.00
Elected or appointed officials,
per calendar day . . . . . . . . .100.00
```

An employee's per diem allowance in excess of seven (7) calendar days shall be reimbursed at one-half the rate of the aforegoing scheduled rate commencing with the first calendar day thereafter, and shall constitute full reimbursement of all costs incurred. No employee shall receive per diem when the city, through a training agency, pays for all meals and lodging for the employee.