**CITY OF FAIRBANKS MUNICIPAL UTILITIES SYSTEM,**
Appellant/Cross-Appellee,

v.

**James LEES, Appellee/Cross-Appellant.**

**Nos. S–560/S–597.**

Supreme Court of Alaska.

Aug. 30, 1985.

Rehearing Denied Sept. 16, 1985.

---

James M. Mullen, Asst. City Atty., Herbert P. Kuss, City Atty., Fairbanks, for appellant/cross-appellee.

Jack Chisolm, Branson, Bazeley & Chisolm, Anchorage, for appellee/cross-appellant.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.,

## OPINION

MOORE, Justice.

This case concerns the proper scope of judicial review of an arbitration award. After holding a trial *de novo*, the superior court determined that the arbitrator's exclusion of evidence during James Lees' arbitration was gross error and deprived Lees of his right to due process. We find that the court erred in the scope of its review of the arbitration award. Furthermore, we hold that Lees was afforded his right to a fair hearing during arbitration. Therefore, we reverse the superior court's decision.

## I. FACTS AND PROCEEDINGS

The City of Fairbanks Municipal Utilities System (hereafter city) fired James Lees, claiming that he failed to clean up the coal basement in its coal-handling facility and failed to check the machinery before leaving his shift on February 9, 1979. Based on his "gross negligence," the city held Lees responsible for a coal overrun that destroyed a conveyor belt which normally carried coal from the coal-handling facility across the Chena River to the city's power plant. Loss of the conveyor belt endangered the plant's continuous operation on February 10, an extremely cold winter day.

Lees filed a grievance and his union demanded arbitration of his termination in accordance with the collective bargaining agreement. The union district representative and the city manager chose Julius Kornfeind as the neutral arbitrator. Al Lindemann, the union field representative, was assigned to represent Lees.

The arbitration hearing took place on two days. The arbitrator sought to strictly limit testimony and evidence to the events directly related to the coal overrun to determine whether Lees was discharged for cause. For example, Lindemann's theory of the coal overrun included a possible conspiracy to sabotage the coal crusher in order to establish an excuse to fire Lees. To prove his theory, Lindemann sought to elicit testimony from Lees regarding a series of events leading up to his discharge. The arbitrator interjected that he did not see how a series of events could fill up a coal hopper. Similarly, the arbitrator excluded a copy of a prior arbitration award to Lees and a witness, Ted Baxter, who would have testified about a pattern of discrimination and persecution directed at Lees.

In a post-arbitration meeting, the parties agreed to submit the entire arbitration record to a neutral expert to determine the amount of coal in the coal-handling facility's basement. Based on the expert's report and the parties' final briefs, the arbitrator concluded that Lees did not clean up as he had claimed. Therefore, he decided that Lees' termination was justified and made an award in the city's favor.

Lees appealed. After a trial *de novo*, the superior court partially vacated the arbitration award. The court found that the arbitrator had improperly excluded Lees' witnesses, the prior arbitration award and evidence relating to the credibility of Lees' co-workers. As a result, the court concluded that the arbitrator committed gross error and deprived Lees of his due process rights. The city appealed and Lees cross-appealed.

## II. STANDARD AND SCOPE OF REVIEW

Arbitration has been regarded as a "substitute for proceedings in court." *McRae v. Superior Court*, 221 Cal. App.2d 166, 34 Cal.Rptr. 346, 349 (1963). Parties resort to arbitration to resolve disputes in a quicker and less costly way than

litigation. Arbitration should be a final and binding means of dispute resolution, not a mere prelude to litigation. As a result, we have followed a policy of minimal court interference with arbitration. *Nizinski v. Golden Valley Electric Association*, 509 P.2d 280, 283 (Alaska 1973). If the parties submit the dispute to binding arbitration, the merits of the controversy are not subject to judicial review. However, a court may intervene in cases of an arbitrator's gross negligence, fraud, corruption, gross error or misbehavior. *Id.*

In *City of Fairbanks v. Rice*, 628 P.2d 565, 567 (Alaska 1981), we explained that *Nizinski*'s non-statutory review standard justifies court intervention only when the arbitrator's mistakes are both obvious and significant.[1] In *Anchorage Medical & Surgical Clinic v. James*, 555 P.2d 1320, 1324 (Alaska 1976), we stated that "error which calls for modification or correction of an arbitration award must be manifestly clear." (Footnote omitted). Furthermore, we have held that the strict evidentiary rules governing admissibility of hearsay do not apply in arbitration proceedings. *Racine v. State, Department of Transportation & Public Facilities*, 663 P.2d 555, 557 (Alaska 1983). However, we noted that due process places some limits on the arbitration process, requiring that a party have a right to a fair hearing and an opportunity to cross-examine witnesses. *Id.*

In *State v. Lundgren Pacific Construction Co.*, 603 P.2d 889 (Alaska 1979), we established guidelines to determine when a superior court should hold a trial *de novo*

in an appeal from an administrative agency. We held that if the procedures of the administrative hearing did not afford the contractor due process, the remedy would be a trial *de novo* on appeal. *Id.* at 896.

In his concurring opinion, Justice Matthews emphasized that normally a court will review an agency action on the record. When a decision maker is biased or important evidence has been improperly excluded, however, the court may expand its review.

At the extreme is a complete trial de novo where the court substitutes its judgment for that of the agency on matters of fact, law and policy.... A more conservative form of expanded review is review on the record of the evidence developed before the agency where the court makes an independent determination of the facts.... Another intermediate position is to allow augmentation of the record by the presentation of additional evidence before the court. The record as augmented is then reviewed.

*Id.* at 899 (Matthews, J., concurring). When circumstances justify expanded judicial review, the court should deviate from the norm of review on the record only to the extent necessary to afford a fair hearing. *Id.*

Similarly, a trial court should ordinarily review an arbitration award on the record if a record is available.[2] In order to preserve the finality of arbitration awards, the superior court's function in confirming or vacating an arbitration award must necessarily be limited.[3] A hearing on the ap-

---

1. Although Alaska has adopted the Uniform Arbitration Act, AS 09.43.010—.180, the statute does not apply in Lees' arbitration because AS 09.43.010 exempts labor-management contracts. The statute did not apply in either *Nizinski* or *Rice*.

2. Neither our statutes nor the rules of the American Arbitration Association require arbitration proceedings to be conducted on the record. *Alaska State Housing Authority v. Riley Pleas, Inc.*, 586 P.2d 1244, 1248 (Alaska 1978).

3. For example, AS 09.43.120 and AS 09.43.130 strictly limit judicial review of arbitration for all cases under Alaska's Uniform Arbitration Act. *See also United Steelworkers v. Enterprise*

*Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424, 1427 (1960) (federal policy of settling labor disputes by arbitration would be undermined if courts reviewed the merits of arbitration awards). *Cf. Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805 (2d Cir.1960) (federal court's function in confirming or vacating an arbitration award is severely limited by 9 U.S.C. §§ 10, 11), *cert. denied*, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960); *Marion Mfg. Co. v. Long*, 588 F.2d 538 (6th Cir.1978) (federal courts do not sit to review an arbitrator's award *de novo* ).

plication of an award should be held in the manner provided for the hearing of motions. *Cf.* AS 09.43.150; Alaska R.Civ.P. 77. At the hearing, the party challenging the award bears the burden of proof. The arbitration award is presumptively valid. *University of Alaska v. Modern Construction, Inc.*, 522 P.2d 1132, 1139 (Alaska 1974). The court should choose an expanded form of judicial review only when necessary to afford the parties a fair hearing.

In this case, the superior court held a trial *de novo* to assess the validity of the arbitrator's award. During the trial, Lees was permitted to examine three co-workers as witnesses who did not testify during the arbitration proceedings. These witnesses stated on cross-examination that they were available during the arbitration hearing, but Lees had never asked them to testify. The arbitrator, the union representative and the city's attorney also testified at length during the trial. The arbitrator was questioned extensively about his reasoning and conclusion in the arbitration proceeding.

 The superior court erred in the scope of its review. The court properly allowed the parties to augment the record by an offer of proof of the excluded evidence. However, the arbitrator's testimony should have been limited to the issue of exclusion of evidence. The court hearing should not be a forum to question the arbitrator's reasoning processes. Furthermore, the court should not reweigh the evidence presented to the arbitrator or subject the merits of the controversy to judicial review. *Nizinski*, 509 P.2d at 283; *cf. Evans Electrical Construction Co. v. University of Kansas Medical Center*, 230 Kan. 298, 634 P.2d 1079, 1086–87 (1981) (when party attacks an arbitration award made pursuant to statute, it is not the court's function to hear the case *de novo* and to consider the evidence presented to the arbitrators).

## III. EXCLUSION OF EVIDENCE BY THE ARBITRATOR

In *Racine v. State, Department of Transportation & Public Facilities*, 663 P.2d 555, we confronted the issue of due process in the arbitration setting. At Racine's arbitration hearing, hearsay evidence was presented in the form of investigating officers' reports and copies of governmental business records. Racine claimed that the arbitrator's acceptance of hearsay evidence was gross error and a denial of due process.

We recognized that use of hearsay evidence could deprive a party of the "right to a fair hearing" in arbitration because it could limit a party's right and opportunity to conduct cross-examination. In *Racine*, however, the reports were substantiated by oral testimony. Racine had the opportunity to cross-examine the investigating officers, to subpoena his own witnesses and to rebut the hearsay by his own testimony. After finding that his right to submit evidence to the arbitrator was not curtailed, we concluded that Racine was afforded a fair and impartial hearing with an adequate opportunity to exercise his due process rights. *Id.* at 558.

In this case, we deal with an issue of exclusion of evidence. Unlike the employee in *Racine*, Lees claims that his right to submit evidence to the arbitrator was curtailed. Therefore, we must determine whether the arbitrator's exclusion of evidence deprived Lees of his right to a fair hearing.

 In general, courts vacate arbitration awards when the arbitrator's exclusion of evidence has led to the complete omission of critical evidence. *See e.g., Smaligo v. Fireman's Fund Insurance Co.*, 432 Pa. 133, 247 A.2d 577, 580 (1968); *Gervant v. New England Fire Ins. Co.*, 118 N.Y. 393, 118 N.E.2d 574, 577 (1954). However, "[o]n questions of the admissibility of evidence, the arbitrator has great flexibility." *Racine*, 663 P.2d at 558. An arbitrator can exclude cumulative evidence. *Atlas Floor Covering v. Crescent House & Garden, Inc.*, 166 Cal.App.2d 211, 333 P.2d 194 (1958). A court should not overturn an arbitration award if the arbitrator heard

the excluded evidence in another form. *See Allstate Insurance Co. v. Fioravanti,* 451 Pa. 108, 299 A.2d 585 (1973) (arbitrator's refusal to allow insurance company to submit a memorandum on controlling legal issue did not deny company a fair hearing because it had an adequate opportunity to address the issue during the arbitration proceeding); *L.R. Foy Construction Co. v. Spearfish School District,* 341 N.W.2d 383 (S.D.1983) (arbitrator's exclusion of company's project manager as a witness did not deny company a fair hearing because arbitrator heard the project manager's proposed testimony from the company's president).

In this case, the superior court found that the arbitrator excluded witnesses who could have addressed the critical issues of responsibility for the coal overrun and credibility of witnesses. Additionally, the court found that the arbitrator erred by excluding a prior arbitration award to Lees. In particular, the court stated that the prior award might have given Lees' co-workers a motive to lie because of their resentment of the award. Finally, the court concluded that exclusion of evidence involving a green car[4] was error because the evidence tended to impeach the credibility of witnesses against Lees. Based on these findings, the court held that the arbitrator's failure to consider or receive evidence about the credibility of witnesses constituted gross error and denied Lees his right to due process.

■ The superior court exceeded its proper scope of review when it delved into the arbitrator's resolution of the issue of witness credibility. At trial, the arbitrator testified that he found Lindemann's attempts to discredit Cray and Henderson unpersuasive. Since the credibility of witnesses should be determined by the arbitrator, the trial court erred when it substituted its judgment for the arbitrator's decision on this matter. *See Pacific Vegetable Oil Corp. v. C.S.T., Ltd.,* 29 Cal.2d 228, 174 P.2d 441, 448 (1946) (in the absence of corruption, fraud, or undue means in obtaining an arbitration award, the credibility and good faith of the parties are not matters for judicial review).

The superior court also found that the arbitrator excluded Lees' witnesses who could have testified about responsibility for the coal overrun. At trial, Al Lindemann, the union representative for Lees, testified that he would have presented Rodney Vogt as a witness and that he would have recalled Charles Henderson and Lamont Cray for further cross-examination. However, Lindemann claimed that the arbitrator excluded these witnesses. Additionally, the arbitrator excluded Ted Baxter, who would have addressed conditions at the coal-handling facility before the coal overrun.

■ The court's finding on the exclusion of witnesses is clearly erroneous. Alaska R.Civ.P. 52(a). Lindemann conducted an extensive cross-examination of Henderson and Cray and reserved the right to recall them if the need arose. It appears that Lindemann never attempted to recall the two men for further cross-examination. At trial, Vogt testified on cross-examination that he was never asked to testify during the arbitration proceeding. Finally, the arbitrator heard Baxter's proposed testimony about conditions at the city's facility from Lees. The city did not contest Lees' testimony about these conditions. Under these circumstances, we find that the arbitrator's decision was not gross error. The testimony at issue was clearly cumulative and the arbitrator could exclude it at his discretion. *Atlas Floor Covering,* 333 P.2d at 198–99.[5] Since the arbitrator's

4. During the arbitration proceeding, the union representative, Lindemann, attempted to show an inconsistency in the testimony of Cray, a co-worker of Lees, regarding how Cray and Henderson arrived to work on February 10. Lindemann explained at trial that if he could show that Cray or Henderson lied about this fact, it might impeach their credibility as witnesses. However, the arbitrator limited Lindemann's cross-examination about the green car because he thought it was irrelevant.

5. *See also* American Arbitration Ass'n Voluntary Labor Arbitration Rules, *quoted in* N. Levin, *Arbitrating Labor Cases* at 281 (1974) (arbitrator

exclusion of evidence did not lead to the complete omission of critical evidence, Lees was afforded his right to a fair hearing with an adequate opportunity to exercise his due process rights. *See Allstate Insurance Co. v. Fioravanti*, 299 A.2d at 588 ("At most, one *form* of argument was closed off by the arbitrators, *the argument itself was not.*").

## IV. LEES' CROSS-APPEAL

In his cross-appeal, Lees claimed that he was deprived of his right to a three-member board under the union contract. We find that Lees waived any objection by participating in the arbitration. *Alaska State Housing Authority v. Riley Pleas, Inc.*, 586 P.2d 1244, 1248 (Alaska 1978).

Lees also claims that the arbitrator deprived him of a fair hearing by not disclosing that he had recently entered an arbitration award for the city. We urge arbitrators to avoid the appearance of impropriety by following the American Arbitration Association guidelines, which call for disclosure of any contacts or associations with either party. In this case, however, we find the arbitrator's lack of disclosure to be harmless error. The arbitrator had no ongoing relationship with the city and no form of potential bias or pecuniary interest in the case.

Finally, Lees contends that the arbitrator unlawfully delegated his authority by giving the entire arbitration file to an engineering firm to determine the level of coal in the basement. Both parties agreed to have an independent expert estimate the volume of coal. The arbitrator rendered his final decision after receipt of the expert's report and final briefs from each party. Lees' contention about excess delegation is meritless. *Puget Sound Bridge & Dredging Co. v. Lake Washington Shipyards*, 1 Wash.2d 401, 96 P.2d 257, 261 (1939).

The decision of the superior court is REVERSED and this case is REMANDED with directions to the superior court to affirm the arbitrator's decision.

shall be the judge of the relevancy and materiality of the evidence offered).