**UNITED MINE WORKERS OF AMERICA, DISTRICT 28 and Local Union # 1568, Plaintiffs,**

v.

**ISLAND CREEK COAL COMPANY, Defendant.**

Civ. A. No. 84–0082–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

March 27, 1986.

Thad Harris, Castlewood, Va., for plaintiffs.

Thornton Newlon, Tazewell, Va., for defendant.

**MEMORANDUM OPINION**

GLEN M. WILLIAMS, District Judge.

This case is before the court on plaintiffs' motion for summary judgment and defendant's motion to dismiss. The subject of this action concerns an alleged violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce. There-

fore, this court has jurisdiction pursuant to 29 U.S.C. § 185(a).[1]

## I.

The plaintiffs, the United Mine Workers of America, District 28 and Local Union No. 1568 (hereinafter UMWA), filed this suit against the defendant, Island Creek Coal Company (hereinafter Island Creek), to enforce an arbitration award[2] concerning a grievance.[3] The arbitrator, Stanley Sergent, held an oral hearing on October 18, 1983, at which time the parties appeared and presented evidence. He issued his opinion and award on December 5, 1983.[4] Almost a month later, at this request of the UMWA, he issued a clarification.[5] *See* complaint and its attachments. Island Creek refused to recognize the clarification. The sole issue before the court is did the arbitrator have the power to issue a clarification. If he had the authority, then the arbitration award with the clarification will be enforced. If the arbitrator was without authority, then this case will be dismissed.

## II.

The plaintiffs argue that the arbitrator had the power to clarify his first decision. To back up their argument, they point to a line of cases, some of which were decided by this court. *See eg. UMWA v. Keen Mountain,* Civil Action No. 80–0080–A (August 12, 1981). However, this line of cases are those in which the court sent the cases back to the arbitrator for clarification. The arbitrator did not at the asking of just one party clarify his opinion.

■ There are several cases which are helpful. One is *Salt Lake Pressmen, etc. v. Newspaper Agency,* 485 F.Supp. 511 (D.Utah 1980). In that case, an arbitrator issued a second decision. The court held that where all parties had had ample opportunity to present all evidence they deemed relevant in a hearing preceding the initial decision, the arbitrator's second decision based on Union's assertion that initial findings were in error with regard to material facts was void. This is based upon the undisputed rule that once an arbitrator has issued his final opinion and award, then he becomes *functus officio* and lacks the power to reconsider or amend. *See, A/S Siljestad v. Hideca Trading, Inc.,* 541 F.Supp. 58, 61 (S.D.N.Y.1981); *Air Lines Pilots Association v. Northwest Airlines, Inc.,* 498 F.Supp. 613, 618 (D.Minn.1980). To phrase this another way:

> The power of the arbitrator ends with the making of the award. An award may not be changed by the arbitrator, once it is made, unless the parties mutually agree to reopen the case and to restore power to the arbitrator. In legal terms, the arbitrator is *functus officio* after he signs the award.

Robert Coulson, President, American Arbitration Association, *Labor Arbitration, What You Need to Know* (2d Ed., 1978).

1. Title 29 U.S.C. § 185(a) states:
   (a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

2. Article XXIII of the National Bituminous Coal Wage Agreement of 1981, which was bargained and contracted for, sets forth detailed procedures for the settlements of disputes between the parties.

3. The basis of the grievance concerned vacation pay. The employees, Herman Addair, Guynell Boyd, Kenneth Blevins, and Doris Thomas, alleged that the company, Island Creek, failed to pay them for pro rata vacation pay for all the months they were off work due to sickness or injury during the 1982–83 vacation year up until they were laid off.

4. In his opinion of December 5, 1983, the arbitrator denied the grievance.

5. In the clarification opinion, the arbitrator partially reversed himself. He ordered that the grievants be given pro rata vacation pay for the part of the last month before they were laid off at the mine. While on sick leave, an employee is entitled to his vacation pay until he is laid off. His status is the same as those employees who are physically working.

■ Based upon the above authority, it is clear that the arbitrator, upon the motion of one party, cannot do anything else to a final decision. In this case, there was a final decision. The December 5, 1983 opinion of the arbitrator ended with these words:

The employer properly calculated and paid the grievants their pro rata vacation pay which they are entitled to under the Agreement. Therefore, the grievance must be denied.

If a grievance is denied, then the arbitrator cannot reopen the case. The UMWA and Island Creek are signatory to the collective bargaining agreement which is very detailed in its grievance and arbitration standards. If it is not followed, the arbitrator would be outside the essence of the contract, *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 594, 80 S.Ct. 1358, 1359, 4 L.Ed.2d 424 (1960), and his actions would be void. Only the December 5, 1983 part of the arbitrator's decision is enforceable. According to the collective bargaining agreement, both parties would have to agree to arbitrate the matter of the clarification. Article XXIII § (h) of the contract provides:

Settlements reached at any step of the grievance procedure shall be final and binding on both parties and shall not be subject to further proceedings under this Article except by mutual agreement.

The plaintiffs' motion for summary judgment is denied and the defendant's motion to dismiss is granted.