WILLIAM J. GANNON vs. MAYOR OF REVERE.

Suffolk.   October 7, 1987. — December 10, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

Civil Service, Police, Promotion, Testing. Mandamus. Practice, Civil, De-
    claratory proceeding.

In an action by a candidate for promotion to the rank of sergeant in the
    Revere police force seeking relief in the nature of mandamus against
    the mayor, this court, in denying relief, concluded that the mayor had
    no duty to fill vacant positions in the rank of sergeant in the city's police
    department, where it was not clear that a lawful civil service list existed
    from which the appointments could be made, where possible compromise
    of the promotional examination was the subject of an ongoing criminal
    investigation, and where the matter was the subject of conflicting orders
    in related judicial and arbitral proceedings. [235]

CIVIL ACTION commenced in the Supreme Judicial Court
for county of Suffolk on November 14, 1986.

The case was reported by Liacos, J.

Timothy M. Burke for the plaintiff.

Richard B. Villiotte, City Solicitor, for the defendant.

WILKINS, J. The plaintiff (Gannon), a Revere police officer,
was one of thirteen eligible candidates for promotion to the
rank of sergeant who passed an October, 1983, civil service
examination conducted by the Massachusetts Department of
Personnel Administration. Shortly after the results were an-
nounced in April, 1984, allegations surfaced that certain mem-
bers of the Revere police department had gained access to the
test before it was administered. The mayor of Revere thereafter
announced that he would make no appointment from the civil
service list of eligible candidates while the allegations were
being investigated.

In March, 1985, the mayor ordered each officer who had
passed the civil service test to submit to a polygraph examina-

tion. Gannon, who had already requested that he be given a polygraph examination, voluntarily took and passed such an examination. Five other officers were unsuccessful in an action to enjoin enforcement of the mayor's order. See *Patch* v. *Mayor of Revere,* 397 Mass. 454 (1986). Nonetheless we are advised that the mayor has not enforced his order as to certain officers.

Gannon complains that he is an innocent victim of circumstances and argues that the mayor has a duty, enforceable by court order, to fill all vacancies in the position of sergeant. He argues further that the mayor has the authority to request that the Department of Personnel Administration certify the 1984 eligibility list and then to make appointments from that list. Although Gannon's initial prayers for relief sought an order directing the mayor to promote him to sergeant, before us he seeks only an order that the mayor act to fill vacancies in the rank of sergeant. Gannon's position is now on sounder ground. If the means of carrying out a statutory duty are within the discretion of a public official, courts normally will not tell that official how to exercise his discretion. See *Attorney Gen.* v. *Sheriff of Suffolk County,* 394 Mass. 624, 63 (1985); *Urban Transp., Inc.* v. *Mayor of Boston,* 373 Mass. 693, 698 (1977).

The case is before us on a reservation and report by a single justice on a statement of agreed facts. Gannon's complaint sought relief in the nature of mandamus and declaratory relief. He does not ask us, however, to grant declaratory relief. Indeed, declaratory relief would be inappropriate in the absence of others persons who have an interest in any declaration of rights and duties concerning the appointment of sergeants in the Revere police force. We conclude that, in the circumstances, the mayor is not obliged to appoint anyone to the rank of sergeant and, therefore, Gannon is not entitled to a judgment directing the mayor to act.

In June, 1986, three of the thirteen officers whose names appear on the eligibility list for promotion to sergeant brought an action in the Superior Court in Suffolk County against the mayor and the personnel administrator of the Massachusetts Department of Personnel Administration. The officers sought

injunctive relief as well as a binding declaration of the rights and duties of the parties under G. L. c. 31, § 25 (1986 ed.). They obtained a preliminary injunction enjoining the personnel administrator from permitting the Revere sergeants' eligibility list to expire and enjoining the mayor from calling for a new list.[1]

In July, 1986, the president of the Revere Police Federation, individually and for the federation, filed a complaint in the Superior Court in Suffolk County seeking confirmation of an arbitration award. The arbitrator had determined in March, 1986, that the city was in breach of its obligation under a collective bargaining agreement to fill vacancies in the rank of sergeant. The arbitrator ruled that the city should (1) request the director of personnel administration to certify a new list of eligible applicants for the rank of sergeant sufficient to fill five vacancies and (2) on receipt of the list, promote at least five persons to the rank of sergeant. The city answered the complaint stating the award was unenforceable because the original promotion list had been extended indefinitely and thus it was impossibile to request a new list.[2] The city made no seasonable application to vacate (G. L. c. 195C, § 11 [1986 ed.]) or to modify or correct the award (G. L. c. 150C, § 12 [1986 ed.]).

The mayor is at an impasse. By court order, he may not seek a new list for promotion of patrolmen to sergeant. By the arbitrator's award, which could be confirmed on application of any party to the case (G. L. c. 150C, § 10 [1986 ed.]), the mayor is instructed to obtain a new promotional list.

As of January 22, 1987, there were seven vacancies in the rank of sergeant with the Revere police department. We are advised that the misconduct investigations are continuing but

---

[1] Review of the original papers in the case (Chaulk *vs.* Personnel Administrator & another, Superior Court, Suffolk County, C.A. No. 83677 [1986]) indicates that the preliminary injunction is still outstanding, and no significant action has occurred since then.

[2] Our review of the papers in this case (Di Giovanni & another *vs.* City of Revere, Superior Court, Suffolk County, C.A. No. 84619 [1986]) indicates that no action has been taken on the complaint seeking to confirm the arbitrator's award.

also that Gannon is not a subject of the investigation being conducted by the United States Attorney's office.

Gannon's argument rests on the premise that the mayor has a duty to act to fill vacancies in the rank of sergeant and that the mayor has no discretion as to whether he will fill those vacancies. Gannon relies on a city ordinance which states that "[t]he police department shall consist of a chief of police and the following personnel: . . . fourteen sergeants, . . .." Revere City Ordinance c. 2.60.010 (A). Because the ordinance says "shall," the argument is that the mayor has no discretion not to fill a vacancy in the rank of sergeant. If the mayor has a nondiscretionary duty to act and he does not act, and no other avenue of relief is available, a person such as Gannon is normally entitled to a judgment in the nature of mandamus compelling the mayor to do his duty. See *Attorney Gen.* v. *Sheriff of Suffolk County,* 394 Mass. 624, 629-630 (1985); *Urban Transp., Inc.* v. *Mayor of Boston,* 373 Mass. 693, 698 (1977); *Parrotta* v. *Hederson,* 315 Mass. 416, 418-420 (1944); *McLean* v. *Mayor of Holyoke,* 216 Mass. 62, 64 (1913).

The mayor has discretion in these circumstances to decline to fill the vacancies in the rank of sergeant. The ordinance says what the police department "shall consist of." It does not direct that the mayor must fill all vacancies in all circumstances. For example, it is not clear that there is now a lawful civil service list of persons eligible for apointment from which the mayor could make a choice. In any event, the mayor has the right, in his discretion, to decline to fill vacancies from the 1984 list as long as criminal investigations concerning the compromising of the 1983 examination are proceeding (see *Urban Transp., Inc.* v. *Mayor of Boston, supra* at 698) and the conflicting orders of the arbitrator and the court are outstanding.

Anyone interested in resolving the current state of uncertainty would be well advised to join all interested parties in a declaratory judgment proceeding in the Superior Court in Suffolk County, to consolidate all actions relating to this matter, and to seek a determination of what list or composite list the mayor may use or must use in filling vacancies in the rank of sergeant.

Gannon and others without fault appear to have lost the chance to be considered seasonably for promotion to the rank of sergeant. The mayor, on the other hand, is entitled to a list of eligible candidates which is untainted by any improprieties in the testing process. It may be that, after a full hearing, a judge will be able to fashion a judgment which will fairly accommodate the various interest.

Judgment shall be entered dismissing the complaint in so far as it seeks an order of mandamus directing the mayor to appoint Gannon, or anyone else, to the position of sergeant. The judgment should make no binding declaration of rights in this proceeding beyond a declaration that the mayor is not now obliged to make an appointment to the rank of sergeant of anyone on the 1984 list of persons eligible for appointment to the rank of sergeant in the city of Revere.

*So ordered.*