INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 1547; Barbara B. Orton; Helen Erickson; Ann Ferguson; Olive Kapus; and Judith C. McIntosh, Appellants,

v.

CITY OF KETCHIKAN, Appellee.

No. S–3152.

Supreme Court of Alaska.

Jan. 18, 1991.

Rehearing Denied Feb. 12, 1991.

Helene M. Antel, Gen. Counsel IBEW Local Union 1547, Anchorage, for appellant Local Union 1547.

Parry Grover, Davis Wright Tremaine, Anchorage, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

The City of Ketchikan ("City") fired all five of its permanent full-time telephone operators effective February 28, 1987. The City's collective bargaining agreement with the operators' union, the International Brotherhood of Electrical Workers ("IBEW"), expired on the same day. The City and IBEW extended the collective bargaining agreement and sought arbitration of the layoffs. The arbitrator ordered the City to reinstate the employees and to restore to them all of the rights they would have enjoyed but for their wrongful layoff. The award did not, however, specify the extent and duration of the operators' rights. While the arbitration was pending, the City and IBEW negotiated a new collective bargaining agreement which made no reference to the laid-off operators.

The City asked the arbitrator to clarify or reconsider his award. It argued that the award was unclear as to the duration of the operators' rights. It also argued that

the arbitrator had exceeded his authority by extending the operators' rights beyond February 28, 1987, the date the first collective bargaining agreement expired. IBEW opposed the City's request. The arbitrator denied the City's request on the ground that he did not have the authority to clarify his opinion and award without both parties' consent. He relied on Section 6D of the Code of Professional Responsibility for Arbitrators of Labor–Management Disputes, which states:

> No clarification or interpretation of an award is permissible without the consent of both parties.

A year later, at the request of the City, the superior court issued a declaratory judgment interpreting the arbitrator's award not to require reinstatement of the operators under the new collective bargaining agreement.[1] This appeal followed.

■ We have long adhered to a policy of minimal court interference with arbitration. Although we agree that the arbitrator's award was ambiguous as to the extent and duration of the operators' rights, the court erred in interpreting the award. When asked to clarify an ambiguous award, the court should simply determine whether the award is, in fact, ambiguous or unclear. In cases where real ambiguity exists, the court should remand those parts of the award that are ambiguous to the arbitrator for clarification.

■ Alaska's declaratory judgment act provides that "[i]n case of an actual controversy in the state, the superior court, upon the filing of an appropriate pleading, may declare the rights and legal relations of an interested party seeking the declaration ..." AS 22.10.020(g). The parties disagree about the operators' rights under the arbitrator's award.[2] IBEW believes that the

---

**1.** The court declared that the arbitrator's award intended to reinstate the operators with full employee rights only until May 22, 1987, when the original collective bargaining agreement and its extensions finally expired. The court found that the contract rights of all IBEW employees, including the operators, expired on May 22, 1987.

**2.** In his award, the arbitrator ordered "that the [City] offer the five permanent full-time local directory assistance operators immediate reinstatement to their former or equivalent positions and make them whole for all loss of wages and other contractual benefits they may have suffered by virtue of the violation found." The arbitrator based this order on his finding that the "operators in question continued to enjoy

award requires reinstatement under the new collective bargaining agreement. The City, however, claims that the award only requires reinstatement through the term of the original collective bargaining agreement.[3]

■ IBEW argues that the arbitrator's award was clear in mandating reinstatement of the telephone operators under the new collective bargaining agreement and, therefore, there is no need for clarification. IBEW views the City's motion for declaratory judgment as a motion to vacate, modify, or correct the award and claims that the 90–day statute of limitations set forth in the Alaska Uniform Arbitration Act should time bar the City's motion.[4]

■ We decline to apply the 90–day statute of limitations here. IBEW recognizes that the provisions of the Alaska Uniform Arbitration Act "do not apply to a labor-management contract unless they are

the substantive rights afforded other employees by the agreement beyond February 28, 1987."

3. The City also argues that IBEW's interpretation of the award would exceed the arbitrator's authority. Because we remand the award to the arbitrator for clarification, we need not reach this issue. However, we believe that it is within the arbitrator's authority to order the reinstatement of the operators under the new collective bargaining agreement as a remedy for the violation of the operators' right to be represented at negotiations of that agreement. An employee whose position is part of a bargaining unit has a right to be represented at good faith negotiations between a public employer and the bargaining agent. *See generally* AS 23.40.110(a)(5) (a public employer may not refuse to bargain collectively in good faith with an organization which is the exclusive representative of employees in an appropriate unit); *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967) (the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to represent *all* members without discrimination toward any, and to exercise its discretion with complete good faith); *Leahy v. Local 1526, A.F.S.C.M.E.,* 399 Mass. 341, 504 N.E.2d 602, 607 (1987) (interpreting *Vaca* to hold that "even if the Massachusetts statute did not provide for the duty of fair representation, the courts would infer it as a constitutional requirement"). By wrongfully discharging all of the telephone operators the day the original collective bargaining agreement expired, the City denied the operators the right to be represented at negotiations for the new collective bargaining agreement.

incorporated into the contract by reference or their application is provided for by statute." AS 09.43.010. Since both parties acknowledge that the original collective bargaining agreement did not incorporate the Act, the Act is facially inapplicable to this dispute. The 90–day limit does not apply by analogy to labor-management contracts where the Act is not expressly adopted. *State v. Public Safety Employees Association,* 798 P.2d 1281 (Alaska 1990).[5]

■ There is nothing in Alaska's declaratory judgment act which prohibits its use to determine questions arising out of arbitration.[6] The superior court was correct in holding that the arbitrator's decision, while "clear as to the City's duty to reinstate the improperly terminated operators, ... failed to address ... the *extent and duration* of the City's obligation to the local directory assistance operators."

4. The Alaska Uniform Arbitration Act establishes a 90–day statute of limitations for actions to vacate, modify or enforce arbitration awards. *See* AS 09.43.120(c); AS 09.43.130(a); AS 09.43.110.

5. Effectively, there is no common law time limit applicable to a party's motion for declaratory judgment to clarify an arbitration award. Creation of such a time limitation presents an issue appropriate for legislative action.

6. IBEW argues that the court did not have jurisdiction over the City's declaratory judgment action because such actions are normally only used to determine matters of arbitrability. We find no support for IBEW's position and hold that the superior court had jurisdiction over the City's declaratory judgment action. The cases cited by IBEW do not hold that the court's jurisdiction is limited to the question of arbitrability. While many declaratory actions do involve arbitrability, other issues can be resolved as well. *See Bangor and Aroostook Railway Co. v. Brotherhood of Locomotive Firemen and Enginemen,* 258 F.Supp. 346 (D.D.C.1966) (declaratory judgment action was the proper form for resolving the dispute over implementation of an arbitration award); *Gannon v. Mayor of Revere,* 401 Mass. 232, 515 N.E.2d 1195, 1197 (1987) (declaratory judgment was appropriate means to resolve a conflict between an arbitrator's award and a court order); *United Fuel Gas Co. v. Columbian Fuel Corp.,* 165 F.2d 746 (4th Cir. 1948) (declaratory judgment proper to determine the validity of an arbitrator's award).

(Emphasis in original). This controversy over the legal rights of the parties properly falls within the superior court's declaratory judgment jurisdiction. If we were simply to reverse the superior court's decision, the parties would remain in their present state of dispute; they would still disagree on the interpretation of the arbitrator's award. The very fact that a reversal would leave the parties' dispute unresolved indicates that the arbitrator's award was in need of clarification and that the City's motion for declaratory judgment was proper.

However, we find that the superior court erred in choosing to interpret the arbitration award itself. The common law and statutes of Alaska evince a strong policy in favor of minimal court interference with arbitration. *City of Fairbanks Mun. Util. Sys. v. Lees,* 705 P.2d 457 (Alaska 1985); *Department of Public Safety v. Public Safety Employees Ass'n,* 732 P.2d 1090 (Alaska 1987). "Arbitration should be a final and binding means of dispute resolution, not a mere prelude to litigation." *Lees,* 705 P.2d at 460. Allowing the courts to interpret arbitrators' awards would defeat this policy.

In light of this, we believe that an award should be remanded to the arbitrator when it is ambiguous or indefinite.[7] We followed a similar course in *City of Fairbanks v. Rice,* 628 P.2d 565 (Alaska 1981). In *Rice,* city firefighters sought judicial review of a labor arbitration board's denial of their claim for per diem expenses. The superior court vacated that portion of the board's decision which denied the firefighter's request for $80.00 per diem compensation and ordered payment of per diem at that rate. On appeal, we upheld the superior court's decision to vacate the arbitration board's denial,[8] but remanded the determination of the appropriate per diem rate to the arbitrators because the labor-management agreement was unclear. *Id.* at 567–68. We held that in such cases the arbitrators, not the court, should interpret the agreement. *Id.* at 568.

This view is consistent with the common law governing arbitration in several federal circuits.[9] In *Hanford Atomic Metal Trades Council v. General Electric Co.,* 353 F.2d 302 (9th Cir.1965), the Ninth Circuit observed that the Supreme Court cases

7. It is a fundamental common law principle that once an arbitrator has made and published a final award, the arbitrator's authority is exhausted and he or she can proceed no further. *See United Mine Workers of America, District 28 v. Island Creek Coal Co.,* 630 F.Supp. 1278 (W.D. Va.1986) (court refused to enforce the clarification issued by the arbitrator upon the request of one party because his authority was exhausted after the original award). This rule is the apparent basis for the provision of the Code of Professional Responsibility on which the arbitrator relied in refusing to clarify the award without the consent of both the City and IBEW. *See* F. Elkouri, *How Arbitration Works,* 283 (4th ed. 1985).

The Third Circuit observes that the common law rule arises out of an "unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which he has already rendered, because of the potential evil of outside communication and unilateral influence which might affect a new conclusion." *La Vale Plaza, Inc. v. R.S. Noonan, Inc.,* 378 F.2d 569, 572 (3rd Cir. 1967). We do not believe this policy is implicated when the court determines that the award in question is ambiguous and remands a specific issue to the arbitrator for clarification.

8. Under the common law governing arbitration in Alaska, courts may interfere with an arbitra-

tor's award only in cases of gross negligence, fraud, corruption, gross error or misbehavior on the part of the arbitrator. *Nizinski v. Golden Valley Electric Ass'n,* 509 P.2d 280, 283 (Alaska 1973). In *Rice,* 628 P.2d at 567, we found that the arbitration board's refusal to base its decision on a new collective bargaining agreement constituted gross error.

9. The National Labor Relations Act ("NLRA") does not apply here because political subdivisions of the state are excluded from NLRA's definition of "employer". 29 U.S.C. § 152(2) (1988). The City of Ketchikan is exempt from the Alaska Public Employment Relations Act ("PERA"), AS 23.40.070–.260 because it opted out under ch. 113, § 4, SLA 1972. "Local governments which have validly rejected PERA are free to develop a local scheme of collective bargaining which varies from the state scheme as provided in PERA." *Anchorage Mun. Employees Ass'n v. Municipality of Anchorage,* 618 P.2d 575, 581 (Alaska 1980). However, the City of Ketchikan has elected not to develop or adopt by ordinance or otherwise any specific body of labor law similar to procedures followed under NLRA or PERA. Under these circumstances the court must apply principles of common law to resolve this labor dispute.

dealing with labor arbitration adopt the principle that where the parties have elected to submit their disputes to arbitration, they should be completely, not just partially, resolved by arbitration. In some cases, this requires remanding the matter back to the arbitrators for clarification. *See La Vale,* 378 F.2d at 575. In *Hanford,* the Ninth Circuit noted that remand for clarification does not constitute an appeal to the arbitrators, a new trial, or an opportunity to relitigate or modify the award, but is simply an interpretation of the award that has already been made. 353 F.2d at 308. *See also Galt v. Libbey–Owens–Ford Glass Co.,* 397 F.2d 439 (7th Cir.1968) (remanding an award for clarification is not a judicial invasion of the arbitrator's province but rather serves to give the parties what they bargained for—a clear decision from the arbitrator), *cert. denied,* 393 U.S. 925, 89 S.Ct. 258, 21 L.Ed.2d 262 (1968).

We wish to be clear that remand is appropriate only where the award is patently ambiguous. "Where the parties dispute the meaning of an award the Court's role is to examine the award and determine whether remanding it to the [arbitrator] 'is necessary to clarify precisely what the Court is being asked to enforce.'" *Zephyros Maritime Agencies, Inc. v. Mexicana de Cobre, S.A.,* 662 F.Supp. 892, 895 (S.D.N.Y.1987) (quoting *Oil, Chemical and Atomic Workers Int'l Union, Local 4–367 v. Rohm & Hass, Texas Inc.,* 93 Lab.Cas. 13,278, 1981 WL 2362 (S.D.Tex.1981), *aff'd per curiam* 677 F.2d 492 (5th Cir.1982)). Where the true intent of an arbitrator is apparent, an allegedly ambiguous award should not be resubmitted to the arbitrator for clarification. *United Steelworkers of America, Local 12886 v. ICI Americas Inc.,* 545 F.Supp. 152, 154 (D.Del.1982).

We are mindful that there may be some instances where remand to the arbitrator is not feasible. Where, however, the arbitrator is available to clarify an award, sound policy counsels us not to interfere with the arbitration process. Accordingly, we hold that the superior court erred in interpreting the award and remand the award back to the superior court with directions to remand it to the arbitrator for clarification.