Robert A. BREEZE, Appellant,

v.

Michelle SIMS and Dennis Sims, Appellees.

No. S–2929.

Supreme Court of Alaska.

Aug. 18, 1989.

---

Robert L. Breckberg, Boyko, Davis, Dennis, Baldwin & Breeze, Anchorage, for appellant.

Jeffrey A. Friedman, Law Offices of Richard H. Friedman, Anchorage, for appellees.

Before MATTHEWS, C.J., RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

The issue on appeal is whether an arbitration panel sitting pursuant to Alaska Bar Rule 34 erred in ordering an attorney to partially refund attorney fees paid pursuant to an oral agreement.

## I. FACTS AND PROCEEDINGS

Dennis and Michelle Sims entered into an oral agreement with attorney Robert Breeze whereby Breeze agreed to provide legal services for Jeffrey Steele in obtaining a patent for his pipe-cleaning invention.[1] According to Breeze, he and the Sims agreed upon a fee of $100 per hour, with no cap. The Sims maintain, however, that they agreed to hire Breeze at $100 per hour, with a maximum cap of $2,500. Breeze billed the Sims a total of $11,535.

The Sims filed a petition to arbitrate the fee dispute pursuant to Alaska Bar Rule 34. After a hearing, the three-person arbitration panel found that (1) the Sims were entitled to maintain the arbitration action, (2) the agreement included a limit on attorney's fees, and (3) the Sims paid Breeze $8,436 in ivory. The panel ordered Breeze to repay the Sims $5,936.34, representing the difference between the amount agreed upon and the amount paid as attorney fees.

Breeze appealed. Although he requested oral argument, the superior court upheld the panel's decision without scheduling argument.

Breeze appeals. We affirm the decision of the arbitration panel.

## II. STANDARD OF REVIEW

It is the policy of the Alaska Bar Association to encourage the amicable resolution of fee disputes between attorneys and their clients. Alaska Bar Rule 34(a). In the event such resolution is not achieved, Rule 34 provides a procedure for the mandatory

---

1. The Sims had a separate agreement with Steele to provide financial assistance in obtaining a patent in exchange for a percentage of any profits generated by the invention.

arbitration for most disputes upon request by a client. Alaska Bar Rule 34(b), (c).[2]

Breeze argues that because there is no agreement to arbitrate, we should apply the "gross error" standard of review to factual findings by the arbitration panel. The Sims contend that the standard of review is that set forth in the Uniform Arbitration Act, AS 09.43.120.[3]

■ The difference between judicial review of arbitration under the uniform act and such review in cases where the act does not apply is significant because, among other reasons, determinations of fact are unreviewable under the act whereas they are reviewable for gross error in cases not subject to the act. *See Alaska State Hous. Auth. v. Riley Pleas, Inc.*, 586 P.2d 1244, 1247–48 (Alaska 1978).

Alaska Bar Rule 40(u) states:

Should either party appeal the decision of an arbitrator or panel to the superior court under the provisions of AS 09.43.-120 through AS 09.43.180, the appeal shall be filed with the clerk of the superior court in accordance with Appellate Rules 601 through 609, and notice of such appeal will be filed with arbitration counsel.

■ We conclude that Bar Rule 40(u) requires application of the statutory standard of review to arbitration decisions issued pursuant to Bar Rule 34. Thus, findings of fact are unreviewable and the arbitrators' construction of the contract will be reviewed to determine whether it "is a reasonably possible one that can seriously be made in the context in which the contract was made." *University of Alaska v. Modern Constr.*, 522 P.2d 1132, 1137 (Alaska 1974) (quoting Pirsig, *Some Comments on Arbitration Legislation and the Uniform Act*, 10 Vand.L.Rev. 685, 706 (1957)).

## III. DID THE PANEL EXCEED ITS POWERS BECAUSE THE SIMS LACKED STANDING TO COMPEL ARBITRATION?

■ Breeze argues that the panel exceeded its powers by determining that the Sims were legally responsible for paying his fees. Although Breeze admits that the Sims were to pay fees on Steele's behalf, Breeze contends the Sims were not his clients and thus did not have standing to bring a fee arbitration action.

Alaska Bar Rule 34(b) provides:

Arbitration pursuant to these rules is mandatory for an attorney when commenced by a client. For the purpose of these rules, a "client" includes any person who is legally responsible to pay the fees for professional services rendered by an attorney.

The arbitration panel found that the Sims were obligated to pay Breeze's fees pursu-

---

**2.** Alaska Bar Rule 34(c) provides:

All disputes concerning fees charged for professional services by an attorney are subject to arbitration under these rules except for:

(1) disputes where the attorney is also admitted to practice in another state or jurisdiction and (s)he maintains no office in the state of Alaska and no material portion of the legal services were rendered in the state of Alaska, unless (s)he appeared under Alaska Civil Rule 81;

(2) disputes where the client seeks affirmative relief against the attorney for damages based upon alleged malpractice or professional misconduct; or

(3) disputes where the fee to be paid by the client or on his or her behalf has been determined pursuant to state statute or by a court rule, order or decision[; or]

(4) disputes over fees which were charged more than six years earlier, unless the attorney or client could maintain a civil action over the disputed amount.

**3.** AS 09.43.120 provides in part:

(a) On application of a party, the court shall vacate an [arbitration] award if

(1) the award was procured by fraud or other undue means;

(2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of a party;

(3) the arbitrators exceeded their powers;

(4) the arbitrators refused to postpone the hearing ... or refused to hear [material] evidence ... or otherwise so conducted the hearing ... as to prejudice substantially the rights of a party; or

(5) there was no arbitration agreement....

(b) The fact that the relief is such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm an award.

ant to an oral contract between the parties. It is within the arbitrators' powers to make such a determination. *See Curran v. Hastreiter,* 579 P.2d 524, 526 (Alaska 1978) (trier of fact determines the existence of an oral contract); *Riley Pleas,* 586 P.2d at 1247 (factual questions are "clearly within the arbitrator's domain"). In light of the parties' testimony and the Sims' agreement with Steele to pay his legal fees, it is "reasonably possible" that the panel could find that an oral contract existed between the Sims and Breeze. Therefore, the panel did not exceed its powers in finding that the Sims were legally responsible for paying Breeze's fees and consequently were entitled to demand arbitration pursuant to Bar Rule 34.

## IV. DID THE PANEL ERR IN FINDING THAT THE ATTORNEY EXCEEDED AN AGREED–UPON MAXIMUM FEE?

Breeze argues that the arbitration panel erred in finding that the fee agreed upon was exceeded. He contends that he presented clear and convincing evidence that any agreement between him and the Sims was orally modified to include the disputed fees. The superior court restated the panel's findings, concluding that "the facts established that the parties entered in an unwritten fee agreement and that Appellees agreed to pay the fee. Further, the fee agreed upon was exceeded."

Absent a written fee agreement, the attorney must present clear and convincing evidence that the agreed-upon "basis or rate of fee" exceeded that alleged by the client.[4] At the arbitration proceedings, both parties presented their understanding of the agreement. Breeze argued that Steele specifically authorized the retention of another law firm and that the Sims were

aware of the authorization and did not object. The Sims testified that they were led to believe that their fees would be less then $2,000 if they paid by the hour, and they acquiesced to the increased charges only because they thought they had no choice.

The panel adopted the Sims' understanding of the fee agreement, stating that Breeze "failed to adequately communicate with [the Sims] concerning the status of the account, despite the fact that [Breeze] knew [the Sims] were paying the bills."

Whether there was a fee limit, and whether that limit was exceeded were questions for the arbitration panel to decide. These finding are not subject to judicial review even if the factual determinations were grossly in error. *Riley Pleas,* 586 P.2d at 1247–48. Therefore, we affirm the finding that the fee agreed upon by the parties was not modified and was exceeded.

## V. DID THE SUPERIOR COURT ERR IN DENYING BREEZE'S REQUEST FOR ORAL ARGUMENT?

Breeze argues that the superior court erred in ruling on this matter without granting his request for oral argument. We agree that the court erred. *See* Alaska Appellate Rule 605.5. Nevertheless, the error does not require reversal of the decision below, because Breeze has failed to demonstrate that the error resulted in substantial prejudice. *See Cleary Diving Service, Inc. v. Thomas, Head and Greisen,* 688 P.2d 940, 942 (Alaska 1984).[5]

The decision of the superior court is AFFIRMED.

---

**4.** Alaska Bar Rule 35(b) states:
> When the attorney has not previously or regularly represented a client, the basis or rate of the fee to be charged, including any fee of retainer or initial deposit, should be communicated to that client in writing, before commencing the representation or within a reasonable time thereafter. In the absence of a written fee agreement, the attorney must present clear and convincing evidence that

the basis or rate of fee exceeded the amount alleged by the client.

**5.** The superior court was acting in this case as an intermediate appellate court. Therefore, any opportunity to argue his case that Breeze was denied at the superior court level was regained at this court, where he presented 15 minutes of oral argument.