**PUBLIC SAFETY EMPLOYEES ASSOCIATION, LOCAL 92, INTERNATIONAL UNION OF POLICE ASSOCIATIONS, AFL–CIO, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. S–5876.

Supreme Court of Alaska.

Oct. 6, 1995.

---

James A. Gasper, Jermain, Dunnagan & Owens, Anchorage, for Appellant.

Virginia B. Ragle, Patrick Gullufsen, Assistant Attorneys General, and Bruce Botelho, Attorney General, Juneau, for Appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

COMPTON, Justice.

Public Safety Employees Association (PSEA) has petitioned for rehearing of this court's decision in *Public Safety Employees Association v. State*, 895 P.2d 980 (Alaska 1995) (*PSEA*). PSEA argues that this court improperly applied the "arbitrary and capricious" standard of review to the arbitrator's decision, since the arbitration was in fact a voluntary grievance arbitration. As such, the "gross error" standard should have applied.

## I. FACTS AND PROCEEDINGS

■ The factual background of this case can be found in our original opinion. *See PSEA*, 895 P.2d at 981–83. There we observed that it was unclear what statutory provision mandated the third arbitration proceeding (*i.e.*, whether the arbitration was grievance or interest arbitration),[1] but that this lack of facial clarity was unimportant since (1) the arbitration was compulsory and not voluntary, and (2) the use of an interest arbitration standard of review was appropriate as the proceedings involved a dispute that was contractually formative in nature. *Id.* at 983 n. 3, 984–85, 987. Therefore, we reviewed the arbitrator's ruling under the "arbitrary and capricious" standard that is utilized in cases of compulsory interest arbitration. *Id.* at 984–85, 987.

■ On petition for rehearing, PSEA argues that the arbitration was voluntary, not interest arbitration, and that therefore this

---

1. "Interest arbitration is a process in which the terms and conditions of the employment contract are established by a final and binding decision of the arbitration panel. It differs from grievance arbitration, which involves the interpretation of the employment contract to determine whether the conditions of employment have been breached."

*Municipality of Anchorage v. Anchorage Police Dept. Employees Ass'n*, 839 P.2d 1080, 1081 n. 1 (Alaska 1992) (quoting Arvid Anderson & Loren A. Krause, *Interest Arbitration: The Alternative to the Strike*, 56 Fordham L.Rev. 153 (1987) (footnotes omitted)).

court should have utilized the less searching "gross error" standard of review.

We grant the petition for rehearing. However, we conclude that assuming PSEA's contention has merit, the result in this appeal is not affected by application of the "gross error" standard of review.

## II. *DISCUSSION*

In our original opinion we explained that this court applies the "gross error" standard in reviewing grievance arbitration awards, with "gross error" being defined as " 'only those mistakes which are both obvious and significant.' " *Id.* at 984 (quoting *City of Fairbanks v. Rice*, 628 P.2d 565, 567 (Alaska 1981)). However, citing (1) the compulsory aspect of the arbitration and (2) the contractually formative nature of the dispute, we reviewed the arbitrator's ruling under the less deferential "arbitrary and capricious" standard that is applied in cases of compulsory interest arbitration. *Id.* at 983 n. 3, 984–85, 987.

PSEA argues that both of the determinations which led us to use the "arbitrary and capricious" standard were erroneous. That is, PSEA asserts that the arbitration (1) was voluntary, and (2) involved a grievance. It was not interest arbitration. PSEA argues that if either of these assertions are correct, this appeal should have been reviewed under the "gross error" standard.[2]

To determine the validity of PSEA's contention regarding the nature of the arbitration would require further briefing and argument. However, this is unnecessary. Even if PSEA's assertions are correct, they do not affect the result of this appeal. As the State argues on rehearing, the arbitrator's mistake

constituted not only an arbitrary and capricious result, but gross error as well. We remarked in the original opinion that

> the arbitrator concluded that "absorption of the cost [of the differentials] would require *reductions in force* in a labor-intensive agency on which the public depends for its safety." (Emphasis added.) This invokes the appropriation requirement provisions of AS 23.40.215(a), since "monetary terms of any agreement" include those that "change ... productive work hours for state employees." AS 23.40.250(4). The arbitrator ignored this statutory language. Therefore, on this basis alone, the arbitrator's decision was arbitrary and capricious. He did not consider statutory provisions that prohibit the alternative that he held the State should have pursued.

*PSEA,* 895 P.2d at 987. For this reason, the arbitrator's opinion not only was arbitrary and capricious, but was so mistaken that the flaw was "both obvious and significant." It constituted gross error. *Rice,* 628 P.2d at 567.

## III. *CONCLUSION*

The arbitration proceeding resulted in a mistake constituting gross error. Therefore, the superior court's refusal to enforce the arbitrator's award was not erroneous. On rehearing, the judgment of the superior court is AFFIRMED.

---

**2.** In *State v. Public Safety Employees Association,* 798 P.2d 1281 (Alaska 1990), we were not required to address the question whether compulsory grievance arbitration proceedings might be subject to a standard of review other than gross error. *PSEA* does not resolve that question, but does note that this court has applied the gross

error standard to grievance arbitration proceedings. *See PSEA,* at 984. We choose not to address in this case whether compulsory grievance arbitration proceedings might be subject to a standard of review other than gross error, as we again are not required to do so.