Rex Lamont BUTLER, Appellant,

v.

Donald DUNLAP, Appellee.

No. S–7330.

Supreme Court of Alaska.

Jan. 24, 1997.

Rex Lamont Butler and Linda Thomas, Anchorage, for Appellant.

Herbert A. Viergutz, Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

### OPINION

PER CURIAM.

## I. INTRODUCTION

Rex Butler challenges the standard of review applied by the superior court in upholding a Bar Association Fee Arbitration Panel's decision awarding a $4,417.50 attorney's fee refund. He argues in part that the proper scope of review is not the highly deferential standard called for by the Uniform Arbitration Act but, rather, the arbitrary and capricious standard applied in cases of mandatory arbitration.

## II. FACTS AND PROCEEDINGS

On July 29, 1993, Donald Dunlap entered into a written contract governing the provision of legal services by Rex Butler. Under the terms of the contract, Butler agreed to represent Dunlap in the pending appeal of Dunlap's claim against the Bavarian Village Condominium Association (Association). The lawsuit related to the towing of Dunlap's vehicle by the Association in 1991. According to the written agreement governing the provision of legal services, Butler agreed to represent Dunlap "as to all claims arising out of" his suit against the Association and to "prosecute [Dunlap]'s claim with all reasonable vigor and force." In exchange, Dunlap agreed to pay Butler the sum of $150 per hour for work in conjunction with his appeal.

Subsequently this court issued a Memorandum Judgment and Opinion affirming the superior court's grant of summary judgment for the Association. Dunlap, dissatisfied with Butler's performance in the matter, requested through the Alaska Bar Association a Fee Arbitration Proceeding in accordance with Alaska Bar Rule 34.[1] Dunlap alleged that Butler had breached their agreement by not briefing the issues specifically referenced in the statement of points on appeal. Dunlap requested that he be reimbursed $5000 in attorney's fees.

The Bar Association Fee Arbitration Panel issued a decision awarding Dunlap $4,417.50 plus interest from February 4, 1994. The panel found by a preponderance of the evidence that Butler had agreed to litigate five specific points on appeal, and that although he filed a "Statement of Point [sic] on Ap-

---

**1.** Alaska Bar Rule 34(b) provides in relevant part:

Arbitration pursuant to these rules is mandatory for an attorney when commenced by a client....

Alaska Bar Rule 34(c) provides:

All disputes concerning fees charged for professional services or costs incurred by an attorney are subject to arbitration under these rules except for:

(1) disputes where the attorney is also admitted to practice in another state or jurisdiction and (s)he maintains no office in the state of Alaska and no material portion of the legal services were rendered in the state of Alaska,

unless (s)he appeared under Alaska Civil Rule 81;

(2) disputes where the client seeks affirmative relief against the attorney for damages based upon alleged malpractice or professional misconduct; or

(3) disputes where the fee to be paid by the client or on his behalf has been determined pursuant to state statute or by a court rule, order or decision;

(4) disputes over fees which were charged more than six years earlier, unless the attorney or client could maintain a civil action over the disputed amount.

peal" shortly after taking the case, Butler failed to fully brief the five points in accordance with the minimal standards of Appellate Rule 212(c)(1)(i). The panel additionally noted that Butler had never informed Dunlap of any intention to deviate from the scope of his agreement to litigate the five points, and that Dunlap never acquiesced in any such deviation.

The panel rested its decision to reduce Butler's fee on two alternative grounds. First, it determined that the total fee charged by Butler for work on Dunlap's case was excessive. In particular, the panel found that Dunlap's "most significant argument on appeal" was briefed in a "cursory" fashion and that the case was "relatively simple ... in terms of the size of the record and the complexity of the issues." Second, the panel found relevant Butler's failure to advise Dunlap that the fees would exceed his initial estimate and stated that "[w]hile this failing alone would not necessarily mandate a significant reduction of the fee, it is a further indication of the poor communication practices utilized by Butler in this case."

After the panel rendered its decision, Butler applied to the superior court for vacation or correction of the award pursuant to Alaska Bar Rule 40 and AS 09.43.020. The superior court denied the motion. In so doing, the superior court stated:

> This court may not review the factual findings of the Panel, and will only overturn the Panel's construction of a contract if it is not a "reasonably possible" interpretation. *Breeze v. Sims,* 778 P.2d 215, 217 (Alaska 1989). I find that in light of the evidence before it, the Panel's interpretation of the contract between Dunlap and Butler is reasonable enough to withstand review. Additionally, the panel's determination that the fee charged to Dunlap was unreasonable is a factual determination that I have no power to review. The application is DENIED. The fee award is AFFIRMED.

Butler now brings this appeal.

## III. STANDARD OF REVIEW

■ The fundamental issue on appeal is the proper standard of review of an arbitrator's decision made in accordance with the Alaska Bar Rules. This is a question of law. Accordingly, this court will review the superior court's decision de novo, adopting the rule of law that is most persuasive in light of precedent, reason and policy. *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

■ The usual rule applied by this court is to give great deference to the arbitrator's findings of both fact and law. As a matter of both policy and law, the court is generally "loathe to vacate an award made by an arbitrator." *Department of Pub. Safety v. Public Safety Employees Ass'n,* 732 P.2d 1090, 1093 (Alaska 1987).

## IV. DISCUSSION

■ The proper standard of review of an arbitration award depends on the basis of the arbitration. For arbitrations conducted pursuant to the Alaska Uniform Arbitration Act (UAA), the standard of review is highly deferential. In *Breeze v. Sims,* 778 P.2d 215 (Alaska 1989), this court reviewed a superior court affirmance of an arbitration panel's decision ordering an attorney to partially refund fees paid pursuant to an oral agreement. The arbitration action was maintained pursuant to Alaska Bar Rule 34. *Id.* at 216. The *Breeze* court held that the proper standard for review of an arbitrator's decision is as follows:

> [F]indings of fact are unreviewable and the arbitrator's construction of the contract will be reviewed to determine whether "it is a reasonably possible one that can seriously be made in the context in which the contract was made."

*Id.* at 217 (citation omitted).[2]

In *Ahtna, Inc. v. Ebasco Constructors, Inc.,* 894 P.2d 657 (Alaska 1995), we emphasized that even this narrow judicial review of an arbitrator's construction of the contract is unavailable in a UAA governed arbitration unless the dispute is limited to the meaning of the arbitration clause itself. There we said:

---

**2.** This standard of review was explicitly adopted     by the superior court in the case at bar.

Ebasco claims that the standard of review with regard to an arbitrator's "conclusions of law" is found in the following passage of *Breeze v. Sims:* "the arbitrator's construction of the contract will be reviewed to determine whether it 'is a reasonably possible one that can be seriously made in the context in which the contract was made.'" 778 P.2d at 217 (quoting *University of Alaska v. Modern Constr. Inc.,* 522 P.2d 1132, 1137 (Alaska 1974)). Ebasco argues that the arbitrator's interpretation of the JVA could not be "seriously made," and therefore urges us to affirm the superior court's vacation of the award.

Ebasco is wrong to contend that Alaska law allows courts to routinely review the merits of an arbitrator's legal conclusions. An examination of *Breeze* and *Modern Construction* reveals that the language Ebasco proffers here represents the standard of review for examining the arbitrator's construction of the contract *with regard to arbitrability.* As we have elsewhere held, "[t]here are no statutory grounds for review of an arbitrator's determination as to the meaning of contract provisions which do not pertain to the issue of arbitrability." *Alaska State Housing Auth. v. Riley Pleas, Inc.,* 586 P.2d 1244, 1247 (Alaska 1978). "We clearly indicated [in *Riley Pleas*] that judicial review under AS 09.43.120 of an arbitrator's decision is limited to issues of arbitrability.... In accordance with *Riley Pleas,* we cannot address [an] argument that the arbitrator incorrectly interpreted the collective bargaining agreement," unless such an argument is limited to a dispute over the meaning of the arbitration clause. *Masden v. University of Alaska,* 633 P.2d 1374, 1376–77 (Alaska 1981) (emphasis added, footnote omitted).

*Id.* at 661.

■ A somewhat less deferential standard is used to review arbitration awards gov-

erned by contracts that are expressly excluded from the UAA by AS 09.43.010, such as labor-management contracts.[3] For cases of this nature, the common law standard of judicial review is gross error, either factual or legal. *See Nizinski v. Golden Valley Elec. Ass'n, Inc.,* 509 P.2d 280, 283 (Alaska 1973); *City of Fairbanks v. Rice,* 628 P.2d 565, 567 (Alaska 1981); *City of Valdez v. 18.99 Acres,* 686 P.2d 682, 687–88, n. 9 (Alaska 1984). "Gross error" is defined as "only those mistakes which are both obvious and significant." *Rice,* 628 P.2d at 567.

The most searching standard of review of arbitration awards applies in cases of compulsory arbitration. Here the court must overturn an arbitrator's finding if it concludes the determination was "arbitrary and capricious." *See Public Safety Employees Ass'n, Local 92 v. State,* 895 P.2d 980, 984 (Alaska 1995), *aff'd on reh'g,* 902 P.2d 1334 (Alaska 1995), and *Municipality of Anchorage v. Anchorage Police Dept. Employees Ass'n,* 839 P.2d 1080, 1088 (Alaska 1992). The arbitrary and capricious standard of review has been impliedly equated with an abuse of discretion standard. *Id.*

■ Butler claims that the superior court was required, by due process, to review the legal conclusions of the arbitration panel under the arbitrary and capricious standard. Butler's arguments based upon due process are foreclosed by our recent decision in *A. Fred Miller v. Purvis,* 921 P.2d 610 (Alaska 1996). There attorney Miller argued that mandatory fee arbitration, pursuant to Alaska Bar Rules 34 through 40, is constitutional only where there is judicial review on the merits, that is, awards should be reviewable for clearly erroneous findings of fact and arbitrary and capricious applications of law. In *Miller,* we held that the limited scope of judicial review provided by the Alaska Bar Rules in connection with mandatory fee arbitrations does not constitute a denial of due

**3.** AS 09.43.010 states: "A written agreement to submit an existing controversy to arbitration or a provision in a written contract to submit to arbitration a subsequent controversy between the parties is valid, enforceable, and irrevocable, except upon grounds that exist at law or in equity for a revocation of a contract." However, AS 09.43.010–.180 do not apply to a labor-management contract unless they are incorporated into the contract by reference or their application is provided for by statute.

process.[4] In reaching this holding, we employed the balancing approach expressed in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976), stating in part:

> Both the attorney and the former client have an interest in fair, expedient and inexpensive adjudication. Appellate review of an arbitration panel's decision in order to determine either clear error of fact or law would reduce the risk of an unjust decision by an arbitration panel. On the other hand the same concerns which underlie the limits on appealability under the arbitration act apply to those limits in the context of attorney fee arbitration. They are that review on the merits tends to cause delay, necessitates greater judicial involvement, is more apt to require the employment of counsel, and thus cause greater expense....

In addition to these generic considerations there are factors which are unique to attorney fee arbitration. These are the need for public confidence in the lawyer/client relationship, the difficulty which clients of limited income may have in procuring an attorney to represent them against another attorney, and the vulnerability of clients when litigating against their former lawyers. Also to be considered is the fact that Alaska has had mandatory fee arbitration since 1974. The system has apparently worked well.... In view of these factors and circumstances we are not convinced that, for purposes of the *Mathews v. Eldridge* approach, the bene-

fits to be gained from appellate review on the merits necessarily outweighs the detriments which such review would entail.

*Miller* at 618.

Relying on prior precedent, Butler also urges this court to adopt, under the common law, the arbitrary and capricious standard for review of fee arbitration decisions. In *State v. Public Safety Employees Ass'n*, 798 P.2d 1281, 1287–88 (Alaska 1990), in the context of compulsory "interest" arbitration, we indicated in dictum that a heightened standard of judicial review might be constitutionally required.[5] In addition to noting that his participation in the arbitration was compelled by Bar Rule, thus distinguishing it from voluntary arbitration under the UAA, Butler suggests that the subject matter of the case at bar is akin to "interest arbitration" as defined in *Public Safety Employees Ass'n*.

We hold that *Miller* requires rejection of Butler's arguments in favor of adopting an arbitrary and capricious standard of review for fee arbitration awards based on *Public Safety Employees Ass'n*. A similar contention was implicitly rejected in *Miller*.

## V. CONCLUSION

The superior court's denial of Butler's application for vacation or correction of the December 19, 1994 award of the Bar Association Fee Panel is AFFIRMED.

---

4. In the context of fee arbitration disputes, the grounds for vacating an award are

> (1) [t]he award was procured by fraud or other undue means;
> (2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of a party;
> (3) the arbitrators exceeded their powers; [or]
> (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown for postponement or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of AS 09.43.050, as to prejudice substantially the rights of a party[.]

AS 09.43.120(a)(1)–(4).

AS 09.43.130 provides the following additional grounds for judicial modification or correction of an arbitration award:

> (1) there was an evident miscalculation of figures or an evident mistake in the description of a person, thing or property referred to in the award;

> (3) the award is imperfect in a matter of form not affecting the merits of the controversy.

5. "We believe it appropriate to apply the arbitrary and capricious standard when reviewing awards in compulsory interest arbitrations. Without deciding whether such a standard is constitutionally required, ... we will henceforth apply it as a matter of common law."