Lois **GILBERT**, Appellant,

v.

**STATE FARM INSURANCE COMPANY**, Appellee.

No. S–12142.

Supreme Court of Alaska.

Nov. 9, 2007.

Rehearing Denied Feb. 20, 2008.

Lois Gilbert, pro se, Anchorage, Appellant.

Jimmy E. White, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, Anchorage, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, and CARPENETI, Justices.

## OPINION

FABE, Chief Justice.

## I. INTRODUCTION

In 1994 Lois Gilbert was involved in an automobile accident. Gilbert disagreed with State Farm Insurance Company, her insurance carrier, over the extent of her injuries from the accident. On January 12, 2000, pursuant to her insurance contract, Gilbert submitted to arbitration a dispute with State Farm over payment for the accident. The arbitrator found in favor of State Farm. Gilbert appealed to the superior court, which affirmed the arbitrator's decision. Because the superior court properly upheld the arbitrator's decision, we affirm.

## II. FACTS AND PROCEEDINGS

In 1994 Lois Gilbert was involved in an automobile accident. Gilbert disagreed with State Farm over the extent of her injuries from the accident. Pursuant to her insurance contract, Gilbert submitted to arbitration her dispute with State Farm over payment for the accident.[1] Gilbert was represented by counsel during the arbitration.[2] On January 18, 2000, arbitrator J. Justin Ripley issued a memorandum and award, finding that Gilbert had failed to

---

1. *Gilbert v. State Farm Ins. Co.*, Mem. Op. & J. No. 1178 (Alaska, July 28, 2004), 2004 WL 1701109, at *1.

2. *Id.*

prove that the 1994 accident caused her injuries and declaring State Farm the prevailing party. No longer represented by counsel, Gilbert filed a motion for reconsideration with the arbitrator. During the reconsideration process, the arbitrator made "significant procedural concessions" and allowed Gilbert to file an "unusual volume of materials," including "photo copies and original photographs of the accident car, of [Gilbert] as an active young person in the 70's, video clips of [Gilbert] as a happy [child], and of TV commentator Stone Phillips presenting a sharply divided panel discussion on the subject of fibromyalgia." In May 2000 the arbitrator denied Gilbert's motion for reconsideration, confirming his previous findings that Gilbert's testimony was not credible and that she had not met her burden of proof. The arbitrator awarded State Farm augmented attorney's fees.

Appearing pro se, Gilbert filed a notice of appeal with the superior court in June 2000. On September 7, 2001, the superior court dismissed the appeal because Gilbert had not paid her cost bond. Gilbert appealed to this court.[3] On July 28, 2004, we reversed, holding that it was an abuse of discretion to deny Gilbert's motion to waive the cost bond requirement.[4]

On November 1, 2004, State Farm filed a motion to confirm the arbitrator's award and a motion for entry of judgment. Gilbert opposed the motion and moved to vacate the arbitrator's award. On February 14, 2005, Superior Court Judge Michael L. Wolverton heard oral argument on the motions. In the following months, Gilbert filed additional motions requesting that the court review supplemental materials and compel discovery. On September 8, 2005, the superior court granted State Farm's motion to confirm the arbitrator's award and denied Gilbert's motions. The court found that "there [was] no evidence in the record of bias or fraud to support Ms. Gilbert's claims. Her frustrations seem entirely based on a dissatisfaction with the Arbiter's ultimate decision, rather than any legitimate grievances regarding the arbitration process."

Gilbert appeals.

## III. STANDARD OF REVIEW

■ We review a superior court's decision to affirm an arbitration award de novo, but "[t]he *arbitrator's* findings of both fact and law ... receive great deference and as a matter of both policy and law, we are loathe to vacate an award made by an arbitrator."[5] As a result, we have held that "the arbitrator's findings of fact are unreviewable, even in the case of gross error."[6]

## IV. DISCUSSION

### A. Gilbert's Arguments that She Was Injured in the 1994 Accident Are Not Properly Before this Court.

■ Gilbert identifies her first point on appeal as "whether Appellant was injured in the 1994 accident." But as State Farm notes, that is a factual question that the arbitrator decided in favor of State Farm. We do not review an arbitrator's factual determinations, even where gross error is alleged.[7] Accordingly, we will not consider

---

3. *Id.*

4. *Id.* at *4.

5. *Kinn v. Alaska Sales & Serv., Inc.,* 144 P.3d 474, 482 (Alaska 2006) (alteration in original) (internal citation and quotations omitted).

6. *Ahtna, Inc. v. Ebasco Constructors, Inc.,* 894 P.2d 657, 661(Alaska 1995).

7. *Alaska State Hous. Auth. v. Riley Pleas, Inc.,* 586 P.2d 1244, 1247–48 (Alaska 1978). Gilbert cites *City of Fairbanks Mun. Utils. v. Lees,* 705 P.2d 457 (Alaska 1985) and *Nizinski v. Golden Valley Elec. Ass'n, Inc.,* 509 P.2d 280 (Alaska 1973) for the proposition that courts may inter-

vene in cases of gross error. But *Lees* and *Nizinski* were labor disputes and, as we noted in *Riley Pleas,* labor disputes are expressly excluded from Alaska's Arbitration Act. 586 P.2d at 1248. As a result, the Act's provisions restricting courts' review of arbitration awards do not apply to labor arbitration. Similarly, Gilbert's reference to the more searching "arbitrary and capricious" standard that we applied in *Butler v. Dunlap* is inapposite; it applies to compulsory arbitration and not to arbitrations conducted pursuant to the Act. 931 P.2d 1036, 1039 (Alaska 1997).

Gilbert's arguments that the arbitrator's decision was not supported by the evidence.

### B. There Is No Evidence of Fraud, Undue Means, or Arbitrator Bias.

Alaska Statute 09.43.120(a)(1) provides that a court shall vacate an arbitrator's award if the award "was procured by fraud or other undue means." Subsection (a)(2) provides for vacating an award where "there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of a party."

Gilbert contends that the arbitrator's decision should be overturned on the basis of fraud, undue means, and arbitrator bias. She maintains that State Farm engaged in fraud by: (1) presenting the arbitrator with a photograph "taken in flat lighting from the right rear of the car, which wasn't hit"; (2) withholding documents; (3) using a fraudulent medical review; (4) using a fraudulent independent psychological review; and (5) failing to pay her claim.

State Farm responds that there is no evidence that the arbitrator's decision was procured by fraud. State Farm contends that Gilbert's appeal results from her dissatisfaction with the outcome of arbitration and her desire to relitigate the issues decided. The superior court found no evidence in the record to support Gilbert's allegations of fraud or bias. We agree.

In *Alaska State Housing Authority v. Riley Pleas, Inc.*, we examined the scope of AS 09.43.120(a)(1) and rejected the housing authority's claim that the statute authorized judicial review for gross errors.[8] We reasoned that fraud and undue means "connote affirmative wrongdoing by a party to the arbitration" and do "not require a review on the merits of the controversy," while gross error carries no connotation of affirmative wrongdoing and is a review on the merits.[9] Gilbert points to no evidence of affirmative

wrongdoing. Instead, her allegations of fraud essentially amount to allegations of gross error.

Gilbert's first claim is that State Farm engaged in fraud when it presented the arbitrator with a photograph, Exhibit X, "taken in flat lighting from the right rear of the car, which wasn't hit." Gilbert contests the arbitrator's finding that " 'Exhibit X,' and the additional left views produced by Claimant during her testimony show merely rust and general lack of maintenance, not collision damage." Gilbert attempts to buttress this argument by pointing to evidence she believes contradicts the arbitrator's findings regarding damage to the vehicle. But Gilbert points to no evidence that the photograph was false or that State Farm knew it was false. At its root, Gilbert's attack on the photograph amounts to an allegation that the arbitrator's findings represent gross error and are inconsistent with the evidence. But such a claim of error is not reviewable by this court.[10]

Gilbert's second claim is that State Farm engaged in fraud by withholding documents. It is not clear from Gilbert's briefing which documents she contends State Farm fraudulently withheld.[11] Gilbert does not explain the exact nature of alleged fraud. Moreover, she does not claim that State Farm failed to produce documents that the arbitrator ordered it provide. Rather, the essence of her argument appears to be a challenge to the arbitrator's decision that State Farm need not produce the documents. Because the arbitrator's legal rulings are entitled to great deference,[12] and because Gilbert points to no evidence of fraud on the basis of withheld documents, her second claim for fraud fails.

Gilbert's third claim of fraud alleges that State Farm used a fraudulent medical review. She maintains that State Farm "brought Dr. Bidgood from out of state" to

---

8.  586 P.2d at 1247.

9.  *Id.* at 1248.

10.  *Id.* at 1247–48.

11.  Her original filing with the superior court points to State Farm's failure to give her their accident file and correspondence with medical personnel.

12.  *Kinn,* 144 P.3d at 482.

conduct the review and sent him a letter falsely claiming there was no damage to her car. She suggests that Dr. Bidgood then based his medical conclusions on this letter. But as State Farm notes, Gilbert points to no evidence of a letter, nor is there evidence to support her claim that the letter was false.[13] Nor can Gilbert point to anything to substantiate her claim that Dr. Bidgood based his medical conclusions on the alleged letter, as would be required to establish a claim of fraud. Instead, the crux of Gilbert's argument is a dispute over the facts—a dispute which has been resolved by the arbitrator's determination.

Gilbert next claims that State Farm engaged in fraud by using a fraudulent independent psychological review. Gilbert claims that Dr. Sperbeck, the expert who conducted the independent psychological review, changed dates in his report. But even if Dr. Sperbeck made changes or errors regarding dates in her medical history, Gilbert points to no evidence that these changes or errors were the result of fraud, rather than simple mistakes. Moreover, it is not clear how these changes or errors would have infected the process, given the wealth of information available to the arbitrator. Gilbert also suggests that Dr. Sperbeck fraudulently concluded that she was malingering. But while Gilbert may feel that the evidence she presented is inconsistent with Dr. Sperbeck's conclusions, that does not substantiate her allegation that his conclusions are the product of fraud. Again, Gilbert's fundamental concern is with the arbitrator's factual findings, not with any fraudulent conduct.[14] Thus, the superior court correctly concluded that there was no evidence the independent medical review was fraudulent.

Gilbert's final claim of fraud alleges that State Farm's failure to pay her claim is in itself fraudulent. She points to an episode of NBC Dateline, an article about fraud in an insurance industry periodical, and several newspaper articles as evidence to support her claim that State Farm fraudulently refused to pay her claim. She "demands that a jury hear this case and make its own assessment of her credibility versus the credibility of State Farm." Like her other claims of fraud, this claim represents an attempt to relitigate the factual issues decided by the arbitrator. As State Farm notes, Gilbert points to nothing in the record to challenge the superior court's conclusion that there was no evidence of fraud. We therefore hold that the superior court properly rejected Gilbert's claims of fraud.

On the issue of arbitrator bias, Gilbert suggests that the arbitrator "showed partiality toward State Farm" when he "allowed the accident report and damage inspection report to be withheld." State Farm responds that Gilbert's claim that the arbitrator showed partiality toward State Farm is without merit. As State Farm notes, Gilbert's explanation that the arbitrator was biased toward State Farm because insurance companies are frequent customers of arbitration would call into question all insurance arbitration decisions—a result contrary to the liberal policy favoring arbitration reflected in Alaska's Arbitration Act.[15]

The superior court correctly found no evidence that the arbitrator treated Gilbert's claim unfairly. As the superior court noted, the arbitrator allowed Gilbert to "file any and all additional material she deemed appropriate to substantiate her motion for reconsideration." Gilbert makes no claim that the arbitrator had a specific relationship with State Farm that compromised his partiality, and there is no evidence to suggest that was the case. We therefore affirm the superior

---

**13.** Moreover, as State Farm notes, the alleged letter is consistent with the arbitrator's factual findings about the accident.

**14.** Gilbert's reply brief continues to focus on discrediting the conclusions of Dr. Sperbeck, contending that they are contradicted by other evidence. But simply offering evidence that contradicts other evidence does not constitute fraud. Gilbert points to no evidence that Dr. Sperbeck or State Farm knowingly provided fraudulent evidence. Moreover, Gilbert had ample opportunity to refute Dr. Sperbeck's conclusions during the arbitration proceedings.

**15.** *See Lexington Mktg. Group, Inc. v. Goldbelt Eagle, LLC,* 157 P.3d 470, 476 (Alaska 2007) (noting that Alaska's Arbitration Act reflects strong policy in favor of arbitration).

court's decision to uphold the arbitrator's findings.

## C. Gilbert's Rights Were Not Violated.

Gilbert argues that her constitutional rights were violated. She refers to the Fourteenth Amendment to the United States Constitution, the Alaska Constitution, the Americans with Disabilities Act, and Alaska civil rights statutes, but points to no specific instance of discrimination in violation of these provisions. She first suggests that equal justice requires that she receive leniency as a pro se litigant, but points to no specific instance where she did not receive leniency. Gilbert also points to Alaska civil rights statutes and claims a right to be free from discrimination on the basis of disability. But she fails to identify any basis for her allegation of discrimination on the basis of disability.[16] These claims are without merit.

■ Gilbert also contends that her right to be free from discrimination on the basis of gender was violated. She points to the fact that one of State Farm's experts called her "hysterical." But she fails to explain how the use of this word by a single expert—one of sixteen experts whose reports, depositions, and letters the arbitrator considered—casts doubt on the integrity and fairness of the arbitration proceeding itself. Thus, Gilbert's claims of discrimination and violation of constitutional rights are lacking in factual and legal foundation.

## D. State Farm Need Not Produce Additional Documents.

■ Gilbert contests the superior court's denial of her motions to compel discovery. She maintains that State Farm should be compelled to produce documents, including correspondence between State Farm and its doctors and records of her previous acci-

dents. She argues that she needs the "evidence ... to show a jury why the 1994 accident was so disabling, and to show State Farm's fraudulent review process."

Gilbert filed two motions to compel discovery before the superior court. The first motion, filed in September 2001, requested that the court compel State Farm to produce the videotape of Dr. Sperbeck's testimony because he "was acting very nervous and wringing his hands during his deposition. Appellant believes that this shows his consciousness of guilt about his testimony." The second motion requested that the court "compel State Farm to produce all evidence withheld during Arbitration, including its assessment of her car accident damage caused by the 1994 accident and the amount State Farm paid for that damage." State Farm opposed these motions, arguing that there was no pending discovery and that all discovery matters had been resolved by the arbitrator. The superior court denied "all [of] appellant['s] pleadings" in its final ruling.

We affirm the court's decision denying Gilbert's motions. Gilbert provides no specific basis for her allegation that these documents should have been discoverable and does not argue that she was prejudiced by the failure to provide them. Gilbert makes no argument to this court as to why these documents are crucial—or even relevant—to her attempt to substantiate claims of fraud and arbitrator bias.

## E. There Is No Basis for Sanctioning Gilbert for her Appeal.

■ Finally, State Farm argues that Gilbert should be sanctioned for what it calls her "frivolous appeal." It contends that there is no colorable basis for Gilbert's claims and that "this Court [should] exercise its judgment in sanctioning Ms. Gilbert." Given

---

16. Gilbert does argue in her reply brief that Dr. Sperbeck, the individual who conducted the independent psychological review, should have supplied her with a supportive chair and that his failure to do so violated the Americans with Disabilities Act and Alaska's Civil Rights Act. But not only does she insufficiently brief this argument, she also fails to explain how it is related to her contention that the arbitrator's decision should be overturned. She makes no argument

that the arbitration proceedings discriminated against her. We note that in a separate lawsuit, Gilbert sued Dr. Sperbeck. In *Gilbert v. Sperbeck*, we held that witness immunity barred Gilbert's fraud and misrepresentation claims against Dr. Sperbeck, that the Americans with Disabilities Act did not provide for the relief she requested, and that she had waived her civil rights claim. 126 P.3d 1057 (Alaska 2005).

the latitude this court affords pro se litigants,[17] sanctions are not justified in this case, where Gilbert has proceeded in the superior court and before this court without an attorney. Moreover, our memorandum order and judgment reversing the superior court's dismissal order states that Gilbert's "pleadings allege a sufficient basis for appellate review of the arbitration proceeding under AS 09.43.120(a)(1)."[18] We therefore decline to sanction Gilbert for her appeal.[19]

## V. CONCLUSION

Because the superior court properly concluded that there was no evidence of fraud, undue means, or arbitrator bias, and because there is no basis for Gilbert's constitutional claims or for the discovery she seeks, we AFFIRM the decision of the superior court to uphold the arbitrator's award. Because State Farm's argument for sanctions is unpersuasive, we decline to sanction Gilbert for her appeal in this case.

BRYNER, Justice, not participating.

---

17. *See, e.g., Sperbeck,* 126 P.3d at 1062 (noting that we hold pro se litigants to less demanding standards).

18. *Gilbert v. State Farm Ins. Co.,* Mem. Op. & J. No. 1178 (Alaska, July 28, 2004), 2004 WL 1701109, at *3.

19. We also note that the arbitrator awarded State Farm attorney's fees and costs "augmented to the level of 75% of the actual designated costs."