David S. HAEG, Appellant,

v.

Brent R. COLE, Appellee.

No. S–12771.

Supreme Court of Alaska.

Jan. 30, 2009.

Rehearing Denied Feb. 23, 2009.

---

David S. Haeg, pro se, Soldotna.

Brent R. Cole, pro se, Anchorage.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, CARPENETI, and WINFREE, Justices.

*OPINION*

PER CURIAM.

David Haeg appeals the decision of the superior court that affirmed an arbitration award regarding fees charged by Haeg's former attorney, Brent Cole. Haeg hired Cole to represent him in a criminal case and paid for most of Cole's services. When plea negotiations broke down, Haeg fired Cole and refused to pay the outstanding balance of Cole's fee. Haeg hired another attorney, went to trial, and lost. Haeg then filed a fee arbitration proceeding with the Alaska Bar Association, arguing that Cole's services were defective and that Cole should return the fees Haeg had paid. The arbitration panel decided in Cole's favor and awarded Cole the fees still outstanding. Haeg appealed to the superior court. The superior court modified the amount of the award to remedy a clerical error and otherwise affirmed the panel's decision. Haeg now appeals the superior court's decision to this court. With one exception, we affirm the decision of the superior court for the reasons expressed in the written decision of the superior court.[1]

■ The exception concerns the arbitration panel's affirmative award to Cole of fees still due him. This amount, as corrected by the superior court, was $1,689.19. Under the Revised Uniform Arbitration Act applicable in Alaska, a reviewing court is required to modify or correct an award if the arbitrator has made the award on a claim not submitted to the arbitrator.[2] This statute is applicable to attorney fee arbitration awards under Alaska Bar Rule 40(t).[3] Cole did not present a claim for unpaid fees to the arbitration panel. The award to him of unpaid fees was therefore an award on a claim not submitted.[4] On remand we direct that the order of

1. The superior court's decision is appended.

2. AS 09.43.510(a)(2).

3. Alaska Bar Rule 40 implies that only questions submitted should be decided. In relevant part, Bar Rule 40(q) states: "The decision will be in writing ... the decision will include ... the

findings of the arbitrator or panel on all issues and questions submitted which are necessary to resolve the dispute." Alaska Bar R. 40(q)(3).

4. Haeg's petition for arbitration sought only the fees he had already paid Cole and stated that Cole did not seek any further payments from Haeg. Cole confirmed to the arbitration panel

the superior court be modified by deleting the affirmative award of fees in favor of Cole.

For these reasons the decision of the superior court is MODIFIED in one respect and as so modified, the decision is AFFIRMED. This case is REMANDED with directions to the superior court to modify the decision in accordance with this opinion.

APPENDIX

IN THE SUPERIOR COURT FOR
THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT
AT KENAI

DAVID S. HAEG, Appellant,

v.

BRENT R. COLE, Appellee.

Case No.: 3KN–06–844 CI

*MEMORANDUM DECISION
AND ORDER*

David S. Haeg appeals the August 25, 2006 decision of the Alaska Bar Association Fee Arbitration Panel ("panel") awarding Brent Cole $2,689.19. The Appellant alleges ten points on appeal, arguing that the award was procured by fraud, there was corruption among the arbitrators, there was partiality among the arbitrators, the arbitrators exceeded their powers, the arbitrators' decision did not address the issues the appellant presented, the arbitrators did not make a referral to discipline the appellant's counsel, the decision did not reflect the evidence, the decision did not comply with the Alaska Rules of Professional Conduct or Alaska Bar Rule 40, a large portion of the official record of the proceedings has been lost, and that the decision and award are in violation of the U.S. and Alaska Constitutions.

For the reasons set forth below, the court modifies the judgment of the panel to reflect the correct judgment of $1,689.19.

**CASE HISTORY**

Both parties offer their own versions of what occurred during the course of proceedings of the Appellant's criminal trial. However, the factual history of the Appellant's criminal case is a matter reserved for his criminal appeal. The only issue before this court on appeal is whether there is a basis to vacate or modify the panel's decision. Therefore, the court only offers an abbreviated case history to the point that it is relevant to the current appeal.

The Appellant, David Haeg, retained the Appellee, Brent Cole, as his counsel on April 9, 2004 after learning that he was the subject of an investigation concerning Fish and Game violations. The Appellant signed a fee agreement with the Appellee, agreeing to pay $200.00 per hour for the Appellee's services. The Appellee sent the Appellant monthly bills and represented the Appellant through the summer and fall of 2004. Both parties offer differing versions of events of how the criminal case progressed, but it appears that the panel accepted the version presented by the Appellee. The only facts that are relevant on this appeal are that the Appellant fired the Appellee during these criminal proceedings prior to the time a plea agreement could be entered, that the Appellant proceeded to take his case to trial with a new attorney, and that the Appellant was convicted at trial. The conviction led to the judge suspending the Appellant's hunting guide license for five years and forfeiting his PA–12 aircraft.

The Appellant still had an amount left owing on his fee agreement when he fired the Appellee, which he refused to pay. The Appellee did not pursue the Appellant for this unpaid amount and appeared willing to write the losses off. The Appellant then filed grievances against the Appellee with the Bar and requested that the Appellee be referred for discipline. The Appellant subsequently filed for fee arbitration in an amount that exceeded $5,000.00. Pursuant to Bar Rules, an arbitration panel was convened. After oral argument, the panel issued a decision on

---

that he was not seeking unpaid fees. At one point in the proceedings members of the panel told Haeg that "the only subject here is ... [t]he

fee that you've already paid." We note that at oral argument before this court Cole also waived any interest in an affirmative recovery.

August 25, 2006 that awarded the Appellee the unpaid portion of his fee agreement. This appeal followed.

## STANDARD OF REVIEW

Alaska employs mandatory fee arbitration between clients and attorneys if a client commences such an action.[1] The court is to give great deference to the arbitrator's findings of fact and law, and is "loathe to vacate an award made by an arbitrator."[2] In reviewing the award of a fee arbitration committee, the court cannot review the panel's findings of fact, even if the findings were in gross error.[3] Further, the court cannot review the decision on its merits.[4] The court can only review the decision based on the reasons set forth in AS 09.43.120 through AS 09.43.180.[5] Therefore, in reviewing this appeal, the court will only vacate the award if it finds the Appellant has proven the factors under AS 09.43.120(a) and will only modify the award if the Appellant has proven the factors under AS 09.43.130(a).

## DISCUSSION

The Appellant uses his brief to argue the merits of his criminal case. However, the issue before this court is not whether the Appellant's conviction should stand. That issue is reserved solely for the Appellant's criminal appeal. The court further cannot reassess the evidence presented before the panel or the credibility of the witnesses. The court is limited to finding whether the award made by the arbitrators may be modified or vacated pursuant to AS 09.43.120 and AS 09.43.130.

The Appellant argues that the panel's decision should be vacated because the Appellee perjured himself at the panel. He also argues that the evidence he presented against the Appellee was numerous and of significant weight. He claims that the panel's accep-

tance of the Appellee's testimony over his evidence shows corruption and partiality on the part of the arbitrators. However, the fact that the arbitrators weighed the evidence in a manner unfavorable to the Appellant is not evidence of corruption. There is no doubt that the Appellant believes his evidence was more credible than that of the Appellee, but again, this court is without the authority to reassess the credibility of the witnesses or the weight of the evidence presented to the panel. Therefore, the court does not find the fact that the panel accepted the Appellee's testimony as more credible than the Appellant's evidence as an indication of corruption and will not vacate the award on this point.

The Appellant argues that the fact the panel consisted of two attorneys and one full-time court employee suggests partiality among the arbitrators for the Appellee. The court finds no merit to the Appellant's argument. Pursuant to Alaska Bar Rule 37(c), an arbitration panel consists of two attorneys and one member of the public. The fact that the panel consisted of attorneys and a court employee is not evidence of bias.

The Appellant argues that there is clear indication of bias and corruption among the arbitrators because their decision and award does not reflect the testimony and evidence the Appellant presented before the panel. The Appellant contends that he overwhelmingly proved that the Appellee perjured himself to the panel and that the panel ignored this evidence and helped the Appellee in his case. Again, this court does not reassess the weight of the evidence or review the facts presented to the panel. The fact that the panel accepted the Appellee's version of events does not indicate bias or corruption among the arbitrators.

The Appellant further contends that the panel was corrupt and bias because it stated that the Appellant only identified three fail-

---

1. Alaska Bar Rule 34(b).

2. *Butler v. Dunlap*, 931 P.2d 1036, 1038 (Alaska 1997) (*quoting Depart. of Pub. Safety v. Public Safety Employees*, 732 P.2d 1090, 1093 (Alaska 1987)).

3. *Breeze v. Sims*, 778 P.2d 215, 217–18 (Alaska 1989).

4. *A. Fred Miller v. Purvis*, 921 P.2d 610, 618 (Alaska 1996).

5. Alaska Bar Rule 40(a)(2).

ures of the Appellee when the Appellant argued he should be excused from paying the fee. The Appellant claims that he argued numerous other issues to the panel, reiterating that the Appellee perjured himself numerous times and that the Appellee intentionally lied to the Appellant during the course of his representation. Again, the fact that the panel chose to reject the Appellant's arguments is not evidence of bias or corruption. The panel expressly stated that it could not find evidence to support the Appellant's arguments during the arbitration. While the court again acknowledges that the Appellant believes he met this burden, it is without authority to reassess the panel's factual determination and does not find evident bias among the arbitrators in choosing to exclude some of the Appellant's arguments in its decision.

 The Appellant offers other argument regarding evidence of bias and corruption among the arbitrators, but it is again repetitive of what has already been stated. Pursuant to AS 09.43.120(a), a court may only vacate the panel's award if: (1) the award was procured by fraud or other undue means; (2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of a party; (3) the arbitrators exceeded their powers; (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown for postponement or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of AS 09.43.050, as to prejudice substantially the rights of a party; or (5) there was no arbitration agreement and the issue was not adversely determined in proceedings under AS 09.43.020 and the party did not participate in the arbitration hearing without raising the objection. This court cannot find that the Appellant has met his burden in proving evident partiality or corruption among the arbitrators. While the court acknowledges that the Appellant believes he presented sufficient evidence to support a different award, this court cannot reassess

the facts presented to the panel. The court can only look to see if there was evident partiality and corruption among the arbitrators. Upon reviewing the record, the court is unable to make this determination and finds that the panel acted within their powers when making the award. Even if the Appellant presented a magnitude of evidence to the panel that supported his claim, this would not be enough for the court to vacate the award. This court is without authority to vacate an award due to "fraud or other undue means" even if the panel made gross errors in their decision.[6] The only argument the Appellant offers repeatedly to prove his contention of fraud, evident partiality, and corruption among the arbitrators is that the panel issued a decision in favor of the Appellee despite of what he claims is "overwhelming" evidence in support of his position. This is not evidence of "evident" partiality. For the court to find bias among the arbitrators on this basis would require the court to inquire into the merits of the panel's decision. As stated multiple times, this court is without authority to do so. Therefore, the court must defer to the panel and upholds the panel's decision to award the Appellee his fees.

Finally, the Appellant contends that the panel exceeded its powers by awarding the Appellee funds that he never requested. He further argues that the arbitration panel awarded the Appellee a $1,000.00 more than the Appellee was owed. The Appellant suggests that this also demonstrated corruption on the part of the arbitrators, as the Appellee had never requested these fees.

The court disagrees that the panel exceeded its power to make this award. When the Appellant pursued fee arbitration, his fee agreement with the Appellee became a proper matter for consideration. The fact that the Appellee had elected not to pursue the Appellant for the remainder of his undue balance prior to the Appellant's commencement of this action did not constitute a waiver that would prevent the panel from considering this issue. At the panel, the arbitrators were presented with the parties' fee agreement. The Appellant did not dispute that he en-

**6.** *Alaska State Housing Authority v. Riley Pleas,* *Inc.,* 586 P.2d 1244, 1247 (Alaska 1978).

tered into a fee agreement for $200 per hour with the Appellee. The Appellant did not dispute the time sheets presented by the Appellee that demonstrated the time spent by the Appellee working on the Appellant's case. The Appellant only challenged a charge reflecting air travel to McGrath, and the Appellee agreed that this was an improper charge. The Appellant acknowledged that he had not paid the remainder left owing on the parties' fee agreement, which reflected an amount of $2,059.19. The Appellant only challenged the quality of the Appellee's services. The panel concluded that the Appellee had effectively represented the Appellant and awarded the Appellee the amount left owing on the parties' fee agreement.

The Appellant made his fee agreement with the Appellee a proper issue for consideration when he decided to pursue fee arbitration and cannot argue waiver now. Therefore, pursuant to AS 09.43.120(a)(3), the court does not find that the panel exceeded their powers and will not vacate the award. However, pursuant to AS 09.43.130(a)(1), the court does find that the award should be modified due to an evident miscalculation on the part of the arbitrators. The panel's decision acknowledges that the Appellant had paid $11,329.81 to the Appellee for his services. The panel also acknowledges that the Appellee had charged the Appellant $13,389.00 for his services. The difference between these two amounts equal $2,059.19. The panel further credited the Appellant $370.00 for the Appellee's travel expenses. Therefore, the correct amount that should be awarded is $1,689.19. However, the court finds that this miscalculation in the panel's award was due to clerical error, and is not evidence of corruption or bias among the arbitrators.

/s/ Harold M. Brown

HAROLD M. BROWN, Superior Court Judge